Filed 10/9/13  Jefferson v. Haden CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

**EDWARD JAMES JEFFERSON,**

> **Plaintiff and Appellant,**

> **v.**

**DOUG HADEN et al.,**

> **Defendants and Respondents.**
> _____/

**A137676**

**(Contra Costa County
Super. Ct. No. MSC1201459)**

Plaintiff Edward James Jefferson sued defendants Doug and Gail Haden (collectively defendants) alleging federal civil rights violations and seeking punitive damages.  The trial court sustained defendants' demurrer to the operative complaint without leave to amend and dismissed it.

Jefferson appeals.  He contends his complaint was timely filed and properly pleaded a punitive damages claim.  We disagree and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Jefferson filed a complaint against defendants in June 2012.  In his operative first amended complaint, Jefferson alleged he was a certified deputy voter registrar engaging in voter registration at a Walnut Creek farmer's market in 2009 when defendants ordered

1

him to leave and had him arrested and prosecuted in violation of his civil rights.[1]

Defendants demurred to the operative complaint arguing, among other things, that it was barred by the statute of limitations. Defendants also moved to strike the punitive damages allegations. Jefferson opposed the demurrer and motion to strike. Following a hearing, the court sustained the demurrer without leave to amend.

DISCUSSION

"'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error." [Citation.] [Citations.]' 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' [Citations.]" (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) "Failure to provide an adequate record on an issue requires that the issue be resolved against plaintiff." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)

The record Jefferson has provided lacks even the basic elements required by the rules. An appellant's appendix is required to contain "[a]ll items required by rule 8.122(b)(1), showing the dates required by rule 8.122(b)(2)[.]" (Rule 8.124(b)(1)(A).) This includes any "judgment and/or order appealed from and any notice of its entry," the register of actions, and documents "necessary for proper consideration of the issues, including, for an appellant's appendix, any item that the appellant should reasonably assume the respondent will rely on." (Rule 8.124(b)(1)(B).) In addition, rule 8.122(b)(2)

---

[1] Jefferson has failed to provide this court with a record containing even the most basic required elements, such as the order from which his appeal is taken and the superior court's register of actions. (Cal. Rules of Court, rules 8.122(b)(1)(C), (E), 8.124(b)(1)(A).) Our factual and procedural summary sets forth what we have been able to determine from the few documents in the appendix and from the superior court's register of actions, for which we have had to consult the court's web site. All "rule" references are to the California Rules of Court.

2

requires that each document "show the date necessary to determine the timeliness of the appeal[.]"

Jefferson's appendix does not contain the "judgment and/or order appealed from[,]" the register of actions, or a complete copy of defendants' demurrer as required by rules 8.122(b)(1) and 8.124(b). In addition, many of the documents in the appendix are not file-stamped, or have an illegible file stamp. We are aware of a hearing on defendants' demurrer and motion to strike and of the order Jefferson is appealing only from our independent consultation of the register of actions on the trial court's web site. The record thus provides virtually no basis for review of the trial court's decision. As a result, we have no choice but to affirm the court's ruling. (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768 ["A violation of the rules of court may result in . . . the waiver of the arguments made therein, the imposition of fines and/or the dismissal of the appeal"].)

DISPOSITION

The judgment is affirmed. Defendants are entitled to costs on appeal.

_____

Jones, P.J.

We concur:

_____

Simons, J.

_____

Bruiniers, J.

3