Filed 10/22/13  Pryor v. Matta CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| DANNY WAYNE PRYOR, | B244149 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. MC 021132) |
| v. | |
| BERTO MATTA, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Carlos P. Baker, Jr., Judge.  Affirmed.

Danny Wayne Pryor, in pro per.

Berto Matta, in pro per.

_____

Danny Wayne Pryor appeals from a judgment, following a bench trial, in favor of respondent Berto Matta.[1] We conclude appellant has not met his burden of showing that the trial court erred. Accordingly, we affirm.

As an initial matter, we note that appellant's opening brief violates rule 8.204 of the California Rules of Court, as it fails to concisely and clearly explain the factual and procedural background of the case. (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247 [self-represented party must follow rules of appellate procedure].) In addition, the record on appeal is inadequate. For example, appellant included the cover page of the operative complaint, but not the actual pleading. Thus, our consideration of the appeal is greatly hampered by the inadequacy of the briefing and record.

Based upon the record and the appellate briefs, we deduce the following facts. In 2003, appellant purchased and developed 18 lots of land in the City of Lancaster. In 2006, appellant's lender foreclosed on the real property. In 2009, appellant filed for bankruptcy. He also filed mechanic's liens on the property. On July 8, 2009, respondent purchased the property, and later had the mechanic's liens released.

On December 17, 2009, appellant filed a complaint against numerous parties alleging 11 causes of action, including "breach of covenant," fraud, wrongful foreclosure, and quiet title. Appellant apparently alleged a civil conspiracy among the defendants, including his lender and respondent, to defraud him of the real

---

[1] Pryor appealed from a minute order, and not from any final judgment identified in the record. Because the order disposed of all of appellant's claims and respondent does not challenge the appealability of the minute order, we will deem the order a final judgment. (See *Levy v. Skywalker Sound* (2003) 108 Cal.App.4th 753, 761, fn. 7.)

property, causing him an economic loss of $5 million. Respondent eventually filed an answer, generally denying the allegations. Discovery was then propounded, although only respondent's responses to discovery requests are included in the record. After subsequent proceedings, only respondent remained as a defendant.

A three-day bench trial on appellant's claims commenced March 14, 2012 before the Honorable Carlos P. Baker, Jr. Both appellant and respondent presented evidence. The trial court's oral findings of fact and statement of decision, if any, are not in the record. On August 15, 2012, the trial court issued a minute order, entering judgment in favor of respondent and against appellant. On September 10, 2012, appellant filed his notice of appeal, attaching the minute order and a notice of his 2009 bankruptcy filing.[2]

On appeal, the judgment of the trial court is presumed to be correct, and appellant has the burden of demonstrating reversible error by an adequate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; accord *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Fladeboe v. American Isuzu Motors, Inc.* (2007) 150 Cal.App.4th 42, 58.) Moreover, any issue not adequately raised or supported is deemed forfeited. (*Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6; accord *Diamond Springs Lime Co. v. American River Constructors* (1971) 16 Cal.App.3d 581, 608; see also *Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768 ["The appellate court is not required to search the record on its own seeking error."].)

_____

[2] To the extent that appellant is challenging any order or judgment arising from the bankruptcy, we have no jurisdiction to review any such order or judgment. (See, e.g., *Choy v. Redland Ins. Co.* (2002) 103 Cal.App.4th 789, 797 [determination of parties' rights and duties in bankruptcy process exclusively under federal jurisdiction].)

Appellant does not explain how the trial court erred in entering judgment for respondent. He does not assign error to any of the court's evidentiary rulings at trial. Nor does he contend that the judgment was not supported by substantial evidence. Rather, appellant challenges a judgment releasing the mechanic's liens (entered August 20, 2010), a judgment dismissing other defendants (entered November 29, 2011), and an order vacating default as to respondent (entered September 25, 2012).[3] None of these prior rulings involves the trial court's judgment following the bench trial. Accordingly, appellant has not affirmatively demonstrated that the trial court erred when it entered judgment for respondent.[4]

---

[3] We note that appellant's challenges to the prior judgments (entered in 2010 and 2011) are untimely, as appellant did not file his notice of appeal until September 10, 2012. (See Cal. Rules of Court, rule 8.104 [appeal must be taken within 60 days of service of notice of entry of judgment, or within 180 days after entry of judgment].) Moreover, the judgments and order vacating default were not included or identified in appellant's notice of appeal, which attached only the posttrial minute order and appellant's 2009 bankruptcy petition. This court has no jurisdiction to consider a judgment or order not identified in the notice of appeal. (Cal. Rules of Court, rule 8.100; see *Hardin v. Elvitsky* (1965) 232 Cal.App.2d 357, 363 ["Since the notice of appeal limits the power of the reviewing court, an order from which an appeal has not been taken will not be reviewed."].) Thus, we cannot consider appellant's challenges to these prior judgments and order.

[4] Contrary to appellant's contention, the record fails to show entry of a default judgment. To the extent appellant argues that a default judgment should have been entered, we find that appellant has not met his burden of showing the trial court erred. The relevant pleadings and hearing transcripts are not included in the appellate record. Nor does appellant explain how the superior court erred in declining to enter a default judgment. In short, appellant has not met his burden of showing reversible error by an adequate record. Accordingly, appellant has forfeited any challenge to the trial court's decision to proceed with a bench trial. (*Reyes v. Kosha*, *supra*, 65 Cal.App.4th at p. 466, fn. 6.)

4

# DISPOSITION

The judgment is affirmed.  Costs are awarded to respondent.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

MANELLA, J.

We concur:

WILLHITE, Acting P. J.

SUZUKAWA, J.

5