[Civ. No. 10797. Second Appellate District, Division Two.—May 22, 1936.]

O. A. GRAYBEAL, Appellant, v. PRESS–TELEGRAM PUBLISHING COMPANY (a Corporation), Respondent.

Davis & Thorne and W. A. Alderson for Appellant.

Swaffield & Swaffield, Kenneth Sperry and Joseph E. Madden for Respondent.

McCOMB, J., *pro tem.*—This is an appeal from a judgment in favor of respondent after the trial court (1) sustained a demurrer to counts 1, 2 and 4 of appellant's amended complaint without leave to amend, and (2) granted a motion for nonsuit as to counts 3 and 5 of the amended complaint.

■ Appellant has failed in his opening brief to present each point separately under an appropriate heading, showing the nature of the question to be presented and the point to be made without any other matter appearing thereon. (Rule VIII, sec. 2, p. 10, Rules for the Supreme Court and District Courts of Appeal of the State of California.)

In *Adams* v. *Standard Accident Ins. Co.*, 124 Cal. App. 393, at p. 394 [12 Pac. (2d) 464], Mr. Justice Conrey, then Presiding Justice of the District Court of Appeal, Second Appellate District, Division One, in commenting upon this provision of rule VIII, *supra*, accurately states the requirement thus:

"Such assignment of error should take the form of one or more stated propositions, which, if sustained, would lend reasonable support to appellant's demand for reversal of the judgment."

This court has repeatedly held that it will not assume the task of searching the record for the purpose of discovering errors not pointed out by counsel. It is the duty of counsel to comply with rule VIII, *supra*, in its entirety. (*Battson* v. *Kirkpatrick*, 11 Cal. App. (2d) 283 [53 Pac. (2d) 762];

254

*Ferslew* v. *Andersen,* 11 Cal. App. (2d) 400 [53 Pac. (2d) 768] ; *Bernstein* v. *Congregation Anshi Sfart, etc., ante,* p. 96 [57 Pac. (2d) 954].)

This rule is not a mere technical requirement, but is prescribed for the purpose of facilitating disposition of cases upon appeal and directing the court's attention to the specific errors of law alleged to have been committed by the trial court.

For the foregoing reason the appeal is dismissed.

Crail, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 20, 1936. Shenk, J., and Curtis, J., voted for a hearing.