[No. E029238. Fourth Dist., Div. Two. Jan. 10, 2002.]

MARIA DEL REAL, Plaintiff and Appellant, v.
CITY OF RIVERSIDE et al., Defendants and Respondents.

**COUNSEL**

William C. Kennedy & Associates and William C. Kennedy for Plaintiff and Appellant.

Gregory P. Priamos, Interim City Attorney; Hyland & Watson, Charles J. Hyland; Greines, Martin, Stein & Richland, Timothy T. Coates and Carolyn Oill for Defendants and Respondents.

OPINION

RAMIREZ, P. J.—Maria Del Real (Del Real) appeals from a judgment[1] entered in favor of City of Riverside (City) and Eric Charrette (Charrette, collectively Defendants), after their motion for summary judgment was granted. The trial court based its order granting summary judgment on a finding that Del Real had failed to file a timely government tort claim as required by Government Code section 900 et seq.,[2] and therefore could not maintain her action. She claims that this was error. We disagree and affirm.

### FACTS AND PROCEDURAL HISTORY

This case arises out of an automobile accident that occurred on November 22, 1997 (the accident), between vehicles driven by Del Real and Charrette, a police officer. Del Real alleges that Charrette was acting within the course and scope of his employment with City at the time of the accident.

On March 10, 1998, Del Real's attorney sent a letter to Charrette, indicating that he had been consulted about the accident and that he was in the process of investigating it. The letter requests Charrette's account of the accident and seeks information about witnesses. It also requests that the letter be forwarded to Charrette's insurance company "so that we can deal directly with them and minimize further inconvenience to you." In the alternative, it requests a signature certifying that there was no insurance coverage for the accident. On March 19, 1998, the office of the city attorney for the City responded to the March 10 letter indicating that Charrette was represented by that office and would not be providing any statement concerning the accident. It also indicated that all further contact with Charrette should be made through the city attorney's office.

On August 7, 1998, City received an application from Del Real for permission to present a late claim, along with a proposed claim for injuries sustained in the accident. The application asserted that the claim was not timely filed due to a mistake as to the appropriate time for filing and due to the mistaken belief that the injuries would subside. On August 20, 1998,

---

[1] Defendants assert that Del Real appealed from the unappealable order granting summary judgment. The notice of appeal indicates that it concerns "the summary judgment of the above court entered on February 28, 2001." While the language is ambiguous, the judgment in this case was not entered until March 19, 2001. This lends credence to Defendants' argument. However, Del Real attached the March 19, 2001, judgment to her docketing statement, indicating that it formed the basis of her appeal. In addition, to the extent that Defendants are correct, we can and do exercise our discretion to construe the notice of appeal as encompassing the judgment. (*Blom v. N.G.K. Spark Plugs (U.S.A.), Inc.* (1992) 3 Cal.App.4th 382, 384, fn. 1 [4 Cal.Rptr.2d 139].)

[2] All future statutory references will be to the Government Code unless otherwise indicated.

City notified Del Real that her application for leave to present a late claim was denied, and advised her that should she desire to file a court action, she would need to seek relief from the claims filing requirements of the Government Code within six months. Del Real filed a petition, but it was not received by the court until September 9, 1999. Then, according to her own admission, the petition was withdrawn before it was ruled upon.

On or about November 20, 1998, the date in the record is unclear, Del Real, and two others not parties to this appeal, filed a complaint against Defendants seeking recompense for property damage, personal injury, emotional distress and also seeking punitive damages as a result of the accident. She alleged compliance with the claims filing requirements. Defendants subsequently filed a motion for summary judgment or in the alternative summary adjudication of each of Del Real's causes of action, based upon Del Real's failure to comply with the mandatory claims filing provisions of the Government Code. Del Real opposed the motion on the ground that her March 10, 1998, letter to Charrette was sufficient to constitute a claim under the Government Code. The trial court was not convinced and summary judgment was granted after a hearing on February 28, 2001. Judgment was entered for Defendants on March 19, 2001. This appeal followed.

## DISCUSSION

### A. *Del Real's Jurisdictional Argument Lacks Merit*

In her reply brief, Del Real argues for the first time that the trial court lacked jurisdiction to rule on Defendants' motion for summary judgment because her counsel refused to stipulate that the motion for summary judgment could be heard by a temporary judge. The California Constitution, article VI, section 21 provides that "[o]n stipulation of the parties litigant the court may order a cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act until final determination of the cause." Absent a valid stipulation, a temporary judge has no jurisdiction to act and any actions purportedly taken are therefore void. (*In re Horton* (1991) 54 Cal.3d 82, 90 [284 Cal.Rptr. 305, 813 P.2d 1335].)

The only evidence in the record that has anything at all to do with this issue is a brief colloquy between counsel and the trial court at the time of the hearing. The trial court stated that "the stipulation does indicate it's for all matters, and so I believe since you did stipulate before that I have no ability to send this to another department." Counsel responded, "I understand. I just wanted to preserve [the objection] for the record." Although the record does not contain the stipulation that the trial court was apparently referring to, Del

Real's assertions in her reply brief support the conclusion that her counsel had previously signed a stipulation authorizing the temporary judge to hear and rule on "all matters," including the instant motion for summary judgment.

The reply brief points to the "vehement" and "powerful" objections, characterizations that are belied by the record, made at the commencement of the hearing, and asserts that they should have led to counsel being afforded the opportunity to withdraw his stipulation pursuant to California Rules of Court, rule 244(f) (which the brief incorrectly identifies as rule 244(g)). The suggestion that the trial court was under some obligation to inform counsel of his right to petition to withdraw his stipulation and then, of its own accord, offer him additional time to do so is utterly lacking in support and in merit. It has long been held that counsel is presumed to know the law. (*King v. Superior Court* (1936) 12 Cal.App.2d 501, 509 [56 P.2d 268].) Further, there is no evidence in the record that counsel ever requested, either orally or in writing, that he be allowed to file a motion to withdraw his stipulation. The record demonstrates that counsel was aware, well in advance of the hearing, that it would be presided over by a temporary judge. Still, it does not appear that he undertook any effort to comply with the provisions of California Rules of Court, rule 244(f), regarding the withdrawal of stipulations to temporary judges. The record before us does not reflect any good cause that might have been present to support the withdrawal, and counsel has not alleged any such good cause. Unless the presiding or designated judge, in his or her discretion, relieves a party from his or her stipulation, the party and the courts are bound by it. (*Robinson v. Workers' Comp. Appeals Bd.* (1987) 194 Cal.App.3d 784, 790 [239 Cal.Rptr. 841].)

It is the appellant's burden to demonstrate the existence of reversible error. (*San Joaquin Raptor/Wildlife Rescue Center v. County of Stanislaus* (1996) 42 Cal.App.4th 608, 626 [49 Cal.Rptr.2d 494].) Del Real has failed in that burden by failing to provide any evidence that there was not a valid stipulation to the commissioner in effect at the time of the hearing. On the record before us, we cannot conclude that the trial court acted outside its jurisdiction in hearing and ruling on the motion for summary judgment.

B. *Standard of Review on Summary Judgment*

■ The purpose of summary judgment "is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute. [Citations.]" (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 844 [107 Cal.Rptr.2d 841, 24 P.3d 493].) Our de novo review is

governed by Code of Civil Procedure section 437c, which provides in subdivision (c) that a motion for summary judgment may only be granted when, considering all of the evidence set forth in the papers and all inferences reasonably deducible therefrom, it has been demonstrated that there is no triable issue as to any material fact and the cause of action has no merit. The pleadings govern the issues to be addressed. (*City of Morgan Hill v. Brown* (1999) 71 Cal.App.4th 1114, 1121 [84 Cal.Rptr.2d 361].) A defendant moving for summary judgment bears the burden of persuasion that there is no triable issue. Meeting this burden is accomplished by producing evidence that demonstrates that a cause of action has no merit because one or more of its elements cannot be established to the degree of proof that would be required at trial, or that there is a complete defense to it. Once that has been accomplished, the burden shifts to the plaintiff to show, by producing evidence of specific facts, that a triable issue of material fact exists as to the cause of action or the defense. (*Aguilar v. Atlantic Richfield Co., supra,* 25 Cal.4th at pp. 849-851, 854-855.)

C. *Defendants' Showing Was Adequate to Shift the Burden*

 With certain enumerated exceptions that do not apply in this case, "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board . . . ." (§ 945.4.) The filing of a claim is a condition precedent to the maintenance of any cause of action against the public entity and is therefore an element that a plaintiff is required to prove in order to prevail. (*Wood v. Riverside General Hospital* (1994) 25 Cal.App.4th 1113, 1119-1120 [31 Cal.Rptr.2d 8]; *Illerbrun v. Conrad* (1963) 216 Cal.App.2d 521, 524 [31 Cal.Rptr. 27].)

Del Real admits that City is a public entity. Further, she admits that her claims against Charrette are based upon his actions while in the course and scope of his employment as a City police officer. Therefore, in order to demonstrate that she could not prevail on any cause of action in her complaint, Defendants need only have demonstrated that she failed to file a claim as required by the Government Code. (See § 950.2 [cause of action against public employee acting in course and scope of employment is barred if action against employing entity is barred].) This they did.

"A claim relating to a cause of action for death or for injury to person or to personal property . . . shall be presented . . . not later than six months after the accrual of the cause of action." (§ 911.2.) Del Real alleged that the

accident occurred on November 22, 1997. Therefore, she was required to present a claim to the City no later than May 22, 1998. Del Real did not seek to present a claim until August 7, 1998, well beyond the statutory time period. She did file an application, under section 911.4, seeking leave to present her late claim. However, that application was denied in accordance with sections 911.6 and 911.8. Del Real then had six months from City's denial of her application to petition the trial court for an order relieving her from the bar of section 945.4. (§ 946.6, subd. (b).) She did not obtain such an order. Therefore, not having been relieved from the effects of section 945.4, she cannot demonstrate compliance with the claims filing requirements, a required element of each of her causes of action. Defendants presented sufficient evidence to shift the burden to Del Real to show the existence of a triable issue of material fact.

### D. *Del Real Failed to Demonstrate the Existence of a Triable Issue of Material Fact*

Initially, Del Real's opening brief contains no citations to the record whatsoever, nor does it, for the most part, include citations to the page cited when providing legal authorities. Counsel is admonished that case citations are to include the internal page reference where the applicable point is found. (See Cal. Style Manual (4th ed. 2000) § 1:1[E], pp. 5-6.) Further, the failure to provide citation to the record is a violation of California Rules of Court, rule 15(a). ■ A violation of the rules of court may result in the striking of the offending document, the waiver of the arguments made therein, the imposition of fines and/or the dismissal of the appeal. (*Bernard v. Hartford Fire Ins. Co.* (1991) 226 Cal.App.3d 1203, 1205 [277 Cal.Rptr. 401]; *Schulz v. Wulfing* (1967) 251 Cal.App.2d 776, 778-780 [60 Cal.Rptr. 53]; *Graybeal v. Press-Telegram Pub. Co.* (1936) 14 Cal.App.2d 252, 253-254 [57 P.2d 1343].) In addition, it is counsel's duty to point out portions of the record that support the position taken on appeal. The appellate court is not required to search the record on its own seeking error. Again, any point raised that lacks citation may, in this court's discretion, be deemed waived. (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115 [75 Cal.Rptr.2d 27].)

■ In spite of the failures in the briefing, we will exercise our discretion to consider Del Real's position, which is, essentially, that her March 10, 1998, letter (the letter) to Charrette constituted a claim, albeit an inadequate claim. Del Real thus rests her appeal on a variant of the doctrine of substantial compliance, and we must determine whether there is a triable issue of material fact that the letter was a "claim as presented." If it was, then the provisions of sections 910.8 and 911 are implicated and the City's

failure to notify Del Real that her claim was defective results in a waiver of its right to rely on the defects to defeat her action.

Substantial compliance contemplates that there is at least some compliance with all of the statutory requirements. (*Wood v. Riverside General Hospital, supra*, 25 Cal.App.4th at p. 1118.) A claim that fails to substantially comply with sections 910 and 910.2,[3] may still be considered a "claim as presented" if it puts the public entity on notice both that the claimant is attempting to file a valid claim and that litigation will result if the matter is not resolved. (*Alliance Financial v. City and County of San Francisco* (1998) 64 Cal.App.4th 635, 643-644 [75 Cal.Rptr.2d 341]; *Green v. State Center Community College Dist.* (1995) 34 Cal.App.4th 1348, 1358 [41 Cal.Rptr.2d 140] [content of letter must at least "make it readily discernible by the entity that the intended purpose thereof is to convey the assertion of a compensable claim against the entity which, if not otherwise satisfied, will result in litigation"].)

There is little doubt that the letter failed to substantially comply with the claims filing requirements. While it identifies Del Real as the author's client, it does not indicate that she is the claimant, nor does it provide her address. While it might be presumed that notices should be sent to the return address on the letterhead, the letter does not so indicate. It does provide a date and location of an accident, but it does not describe the nature of the accident, nor does it identify the persons involved in the accident. The letter is devoid of any description of injury or loss allegedly suffered, fails to indicate that anyone involved in the accident was a public employee and fails to state any amount claimed. Thus, it bears little or no resemblance to a government tort claim.

---

[3]Section 910 provides that "[a] claim shall be presented by the claimant or by a person acting on his or her behalf and shall show all of the following:

"(a) The name and post office address of the claimant.

"(b) The post office address to which the person presenting the claim desires notices to be sent.

"(c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted.

"(d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim.

"(e) The name or names of the public employee or employees causing the injury, damage, or loss, if known.

"(f) The amount claimed if it totals less than ten thousand dollars ($10,000) as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed. If the amount claimed exceeds ten thousand dollars ($10,000), no dollar amount shall be included in the claim. However, it shall indicate whether the claim would be a limited civil case."

Section 910.2 provides, in relevant part, that "[t]he claim shall be signed by the claimant or by some person on his behalf. . . ."

Similarly, it has not been demonstrated that the letter fulfilled the requirements of a "claim as presented." Most importantly, it was not directed to the public entity but to Charrette personally. Section 915 requires that a claim be delivered to, mailed to, or actually received by the clerk, secretary, auditor or governing body of the public entity within the time allotted. There is no evidence in the record demonstrating that the letter was actually received by the city clerk, secretary, auditor or governing body within six months of the accident. Summary judgment has been affirmed on the basis of failure to comply with section 915 alone. (See, e.g., *Life v. County of Los Angeles* (1991) 227 Cal.App.3d 894 [278 Cal.Rptr. 196] and *Jackson v. Board of Education* (1967) 250 Cal.App.2d 856 [58 Cal.Rptr. 763].)

Next, the letter is not reasonably interpreted to communicate that Del Real was attempting to file a valid claim. As stated above, it bears essentially no resemblance whatsoever to a valid claim and certainly no resemblance at all to the proposed claim Del Real attempted to present on August 7, 1998. The fact that counsel later attempted to file an appropriate claim, without any mention of the letter, demonstrates that it was never intended to be a claim. Moreover, rather than imparting information to enable City to undertake an investigation, it seeks information to allow Del Real's counsel to appraise the case. This fact also demonstrates why the letter cannot be reasonably interpreted to contemplate litigation should it not receive an adequate response. All that can be discerned from its language is that counsel was evaluating the matter. Nothing is requested other than information. It cannot be inferred that any claim for damages is being or even will be made. In short, the letter does not constitute a "claim as presented." As such, summary judgment was properly granted.

Del Real argues that even if the letter was not actually received by the appropriate person or body, it should have been. She cites *Jamison v. State of California* (1973) 31 Cal.App.3d 513 [107 Cal.Rptr. 496] for the proposition that Charrette was under a duty to transmit the letter to the proper person or agency. In the first place, this argument presumes that the letter was identifiable as a claim that needed to be forwarded, a questionable proposition for reasons we have already pointed out. (See also *Tapia v. County of San Bernardino* (1994) 29 Cal.App.4th 375, 386 [34 Cal.Rptr.2d 431] [*Jamison* distinguished on ground that there, claim was in proper form].) Second, we have reconsidered our earlier decision in *Jamison* and, as did the court in *Life v. County of Los Angeles, supra*, 227 Cal.App.3d at pages 900-901, we find that it is at odds with section 915, subdivision (c). We therefore decline to follow it.

Del Real also claims that reversal is supported by *Foster v. McFadden* (1973) 30 Cal.App.3d 943 [106 Cal.Rptr. 685]. That case is distinguishable.

In the first instance, the letter in *Foster*, which does bear significant similarity to the letter in this case, was sent directly to the public agency, which responded to it on its own behalf. In addition, the letter in *Foster* threatened "formal proceedings." (*Id.* at pp. 945-946.) None of these things can be said of the letter in this case. It was not sent directly to the public agency and did not threaten or even implicate "formal proceedings." The only response was made on behalf of Charrette by his representative.[4] In addition, the letter here contained language stating and suggesting that counsel was still attempting to determine whether or not a claim would be made. No such language appeared in the *Foster* letter. (*Id.* at p. 945, fn. 2.) Thus, we are not convinced that *Foster* should govern the result in this appeal.

## DISPOSITION

The judgment is affirmed. Defendants to recover their costs on appeal.

Hollenhorst, J., and Gaut, J., concurred.

---

[4]We are not persuaded by Del Real's assertion that having a representative necessarily implies knowledge of an impending legal action.