Filed 9/9/15  Wright v. Community Housing Partnership CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MICHAEL WRIGHT,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>COMMUNITY HOUSING PARTNERSHIP,<br><br>    Defendant and Respondent. | A140004<br><br>(San Francisco City & County Super. Ct. No. CGC 12517035) |

Plaintiff and appellant Michael Wright, proceeding in propria persona, appeals from an adverse judgment, following a jury trial, in this case against his landlord, asserting claims for negligence and breach of the implied warranty of habitability.[1] Wright sought damages for an alleged mouse infestation, while his landlord apparently claimed Wright was a hoarder and responsible for any problem.

Wright's opening brief consists of a hand-scripted cover sheet referencing "due process," "equal protection" and "judicial misconduct."  Attached to the cover page is a partial transcript of a hearing on August 29, 2013, at which Wright did not personally appear but appeared by phone.  It apparently occurred midtrial and concerned legal and evidentiary rulings with which Wright disagreed.[2]  Wright does not identify any particular parts of the transcript he maintains reflect error, let alone provide any analysis

---

[1]  We conclude this matter is proper for disposition by memorandum opinion in accordance with California Rules of Court standard 8.1.

[2]  The transcript reflects Wright did appear later in the morning.

1

or authority supporting any claim of error. Based on the transcript, alone, we do not discern any error or abuse of discretion. For example, while the trial court did not allow Wright to ask a witness about mice in all nine apartments "named in" his complaint, it did allow him to ask about mice in apartments "around [Wright's] in every direction." There was no abuse of discretion in limiting Wright's questions to those that would elicit relevant evidence. Moreover, the transcript shows the trial court exercised extreme patience with Wright despite his agitated responses to the court's rulings.

Wright's reply brief consists of many dense, hand-scripted pages that recount his claims of infestation, accuse the trial court of violating a host of his civil rights, and purport to respond to virtually every paragraph of the respondent's brief (which Wright has copied into and throughout his brief). It also includes pages of the partial transcript Wright attached to his opening brief, as well as copied excerpts from cases and head notes to cases, and pages of copied photographs. This amalgam is virtually incomprehensible. While we have done our best to read through this brief, we again discern no error or abuse of discretion by the trial court.[3]

California Rules of Court, rule 8.204(a)(2)(C) requires that an appellant's opening brief provide "a summary of the significant facts limited to matters in the record," and rule 8.204(a)(1)(C) requires all appellate litigants to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C) & (a)(2)(C).) Rule 8.204(a)(1)(B) requires litigants to "support each point by argument and, if possible, by citation to authority." (*Id.*, rule 8.204(a)(1)(B).) Thus, reciting purported facts without providing any record cite violates these rules. (See, e.g., *Evans v. Centerstone Development Co.* (2005) 134 Cal.App.4th 151, 166 ["plaintiffs repeatedly cite to 170 pages of their motion

---

[3] We have also reviewed the partial transcripts Wright has designated as "Exhibits" 14, 15, and 16, and the portions thereof he has highlighted with underlining, stars, and commentary. Again, we discern no evidentiary or procedural error or abuse of discretion. We further note many of the objections made by the defense to Wright's questions were, in fact, overruled, and the trial court displayed remarkable patience throughout Wright's often wide-ranging questioning.

to vacate without directing us to specific pages"] (*Evans*); *Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 990 ["Sections of the statement of facts in the appellant's opening brief include no record citations at all."].)

When a litigant repeatedly fails to provide citations to the record, the rule violation is "egregious," significantly burdening the opposing party and the court. (*Evans*, *supra*, 134 Cal.App.4th at pp. 166–167.) Accordingly, "any point raised that lacks citation may, in this court's discretion, be deemed waived" or disregarded. (*Deal Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768 (*Del Real*); see also *Falcon v. Long Beach Genetics, Inc.* (2014) 224 Cal.App.4th 1263, 1267 ["To further complicate review, plaintiffs make numerous factual assertions in their briefs without record citation" but "[w]e are entitled to disregard such unsupported factual assertions".]; *Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 60 [rule applies in demurrer context]; *Hernandez v. Vitamin Shoppe Industries, Inc.* (2009) 174 Cal.App.4th 1441, 1453 [" 'an appellate court *may* disregard any factual contention not supported by a proper citation to the record' "]; *Niles Freeman Equipment v. Joseph* (2008) 161 Cal.App.4th 765, 788 ["No record citation is given for this assertion, therefore we disregard it."].)

Further, as the appellant, it was Wright's obligation "to point out portions of the record that support the position taken on appeal." (*Del Real, supra*, 95 Cal.App.4th at p. 768. "The appellate court is not required to search the record on its own seeking error." (*Ibid.*)

Not a single assertion in Wright's briefs is supported in a manner that complies with the Rules of Court, and we could affirm the judgment solely on the ground he has thereby waived any issues on appeal. Nevertheless, we have done our best to identify Wright's principal complaints and reviewed those transcripts he has highlighted. As discussed above, not only do we see no error or abuse of discretion, but it is clear Wright was treated fairly and accorded due process.

### DISPOSITION

The judgment is affirmed. The parties to bear their own costs on appeal.

3

_____

Banke, J.

We concur:

_____

Humes, P. J.

_____

Dondero, J.

A140004, *Wright v. Community Housing Partnership*

4