Filed 9/24/15  In re Marriage of Kale CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re the Marriage of MEENA and AVINASH KALE. | |
| MEENA KALE, Respondent, v. AVINASH KALE, Appellant. | A143852 (Alameda County Super. Ct. No. HF06288729) |

## MEMORANDUM OPINION[1]

Avinash Kale (Husband), in propria persona, appeals from the trial court's October 24, 2014 decision regarding financial issues in this marital dissolution action. The decision was entered after a four-day trial.  In the decision, the trial court ordered Husband to reimburse Meena Kale (Wife) for various expenses related to their minor children, as well as Husband's share of expenses for family therapy, custody evaluation, and anger management counseling.  Finding that Husband's conduct unnecessarily extended the trial by two days, the trial court also ordered Husband to reimburse Wife for half of her trial fees and expenses.  Additionally, the trial court denied Husband's request

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1(1), (3).

for leave to proceed on his reimbursement claims, finding the claims were untimely and outside the scope of the hearing.[2]

While Husband argues the trial court made various mistakes of law and fact, his appellate brief contains not a single citation to legal authority[3] or the record. These defects are fatal to his appeal. The rules of court require litigants to support each point by citation to authority, and "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(B), (C).) When a litigant repeatedly provides no citations to the record, the rule violation is "egregious" (*Evans v. Centerstone Development Co.* (2005) 134 Cal.App.4th 151, 166–167), and we have discretion to disregard the litigant's unsupported assertions. (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.)

Husband's failure to cite to the record and legal authority aside, his appeal is meritless. As an initial matter, Husband takes issue with various orders unrelated to the decision on appeal, including those concerning custody and visitation issues and Husband's motions to disqualify the trial judge. Husband argues the orders are a result of trial court bias and Wife's willful misrepresentations, which purportedly go as far back as September 2006. Those orders are not identified in Husband's notice of appeal, which references only the court's October 24, 2014 order, and we therefore lack jurisdiction to review them. (See *Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173 ["The policy of liberally construing a notice of appeal in favor of its sufficiency (Cal. Rules of Court, rule 8.100(a)(2)) does not apply if the notice is so specific it cannot be read as reaching a judgment or order not mentioned at all."].) In any event, Husband's arguments on these

---

[2] The court also found for Husband on various issues. The court denied Wife's request to impute minimum wage income to Husband for periods in December 2011 and 2013 since there was no evidence Husband was able to be employed or failed to seek work during these times. Wife sought reimbursement of $346.50 for school-related expenses, but the court awarded her only $269. Finally, the court found there was no evidence Husband sabotaged therapy sessions and refused to impose sanctions on that basis.

[3] Husband's brief includes a one-page table of authorities, but none of those authorities are referenced in the body of his briefing.

points are conclusory at best. For example, Husband does not explain why the trial court was biased, other than to argue that it ruled against him on several issues. Likewise, Husband's arguments concerning Wife's "FRAUD UPON THE COURT," are based on vague allegations for which he offers no support.

Husband also challenges various rulings made by the court during the trial on financial issues. He asserts the trial court erroneously ruled Wife was not required to produce certain evidence Husband had purportedly requested earlier. Husband also argues that, because the trial court was biased in favor of Wife, it refused to allow Husband to testify during the proceedings. Even if we were to independently review the record, we could not evaluate the merits of these claims as Husband has elected to proceed without a transcript of the trial. Moreover, the trial court's October 24, 2014 order indicates Husband did not request to testify concerning additional reimbursement claims until the close of the last day of trial, and that the court allowed him to file a brief in lieu of hearing testimony on the issue. The trial court ultimately denied Husband's claims because he failed to file his brief in a timely manner, and because Husband's claims were outside the scope of the trial or were subsumed in a prior judgment. Based on this record, we cannot find the trial court's actions prejudiced Husband in any way or otherwise violated his due process rights.

The judgment is affirmed. Wife is entitled to recover her costs on appeal.

_____
Margulies, J.

We concur:


_____
Humes, P.J.


_____
Dondero, J.

A143852

4