Filed 10/29/15  Hasso v. Dawood CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| DANIEL HASSO, | |
| Plaintiff and Respondent, | G049588 |
| v. | (Super. Ct. No. 30-2009-00124141) |
| JAMAL DAWOOD et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from a judgment of the Superior Court of Orange County, Michael Brenner, Judge.  (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

De Novo Law Firm and Benjamin Yrungaray for Defendants and Appellants.

Law Office of Michael Creamer for Plaintiff and Respondent.

\*          \*          \*

Defendants and appellants Jamal Dawood and Capital Finance, Inc., appeal from a judgment in favor of plaintiff Daniel Hasso after a jury found them liable under theories of fraudulent transfer and breach of fiduciary duty. After a nine day trial, the jury returned a general verdict awarding compensatory damages of $70,000 and punitive damages of $230,000 against each defendant. In a bifurcated bench trial on equitable issues, the court found in plaintiff's favor on the equitable defenses based on the statute of limitations, res judicata, collateral estoppel, equitable estoppel, and unclean hands. Defendants appeal from the judgment, contending plaintiff's causes of action were barred by applicable statutes of limitation, by collateral estoppel, and that the court committed prejudicial evidentiary error.

We conclude defendants waived each claim due to inadequate briefing. An appellant's brief must "[p]rovide a summary of the significant facts limited to matters in the record" (Cal. Rules of Court, rule 8.204(a)(2)(C)), and "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears" (Cal. Rules of Court, rule 8.204(a)(1)(C)). "[A]ppellate counsel should be vigilant in providing us with effective assistance in ferreting out all of the operative facts that affect the resolution of issues tendered on appeal. They can accomplish this only by summarizing all of the operative facts, not just those favorable to their clients [citation], and by providing exact record page citations for each fact cited by counsel." (*Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 113-114.) "We are a busy court which 'cannot be expected to search through a voluminous record to discover evidence on a point raised by [a party] when his brief makes no reference to the pages where the evidence on the point can be found in the record.'" (*Id.* at p. 113.) "[A]ny point raised that lacks citation may, in this court's discretion, be deemed waived." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.)

Defendants' opening brief fails to provide any meaningful summary of the significant facts. The following are the only facts we glean: this case involves claims for

2

fraudulent transfer and breach of fiduciary duty. Plaintiff's son, Alan Hasso, previously sued defendants on the same claims in the Superior Court of the Riverside County. Plaintiff previously obtained a default judgment in the Superior Court of San Bernardino County against various corporate entities not parties to this lawsuit. Finally, that default judgment, despite not binding defendants here, recites allegations that defendant Dawood participated in some sort of fraudulent scheme.

The statement of facts leaves the reader with no idea of what the case is about, and the remainder of the brief does little to correct the problem. Moreover, this is an appeal from a judgment after a jury trial, yet there is not a single citation to the trial record in the statement of facts. Defendants principally cite to two documents in their statement of facts: the complaint from the Superior Court of Riverside County on behalf of Alan Hasso, and the default judgment obtained by plaintiff in the Superior Court of San Bernardino County against various corporate entities, not including any of the defendants here. Other than self-serving statements that the claims in these documents are false, and that the complaint by Alan Hasso is identical to the complaint at issue here, defendants do not state what is actually said in those complaints. And, importantly, defendants did not inform us whether those documents ever made it into evidence at trial, nor whether the trial court considered them in any capacity.

We cannot analyze defendants' statute of limitations argument without knowing what was done, when it was done, and when the claims were first raised. The only citation defendants provide in support of their statute of limitations argument is to the *complaint* in this matter, where it is alleged defendant Dawood formed a corporation for fraudulent purposes in 2002. But even a casual perusal of the complaint reveals allegations that Dawood engaged in a scheme of fraudulent transfers in 2004, 2005, 2006, and 2008, none of which are mentioned by defendants. What that scheme was, and how these later actions might affect the statute of limitations, goes unexplained in defendants' opening brief. It is not our job to dig through the trial record in search of facts to support

3

defendants' arguments. Defendants' factual presentation is inadequate and results in a waiver of their statute of limitations argument.

Defendants' claim for collateral estoppel is based on the notion that plaintiff was in privity with Alan Hasso in the earlier suit filed in the Superior Court of Riverside County allegedly raising the same issues raised here. But for us to analyze whether they were in privity, we need a factual codntext. Defendants' *only* citation to the evidence at trial is in their privity argument, where they claim "Hasso testified that Alan Hasso advises him on all matters and Alan Hasso has authority to settle with Daniel Hasso on his behalf." In the actual cited testimony, however, plaintiff was asked, "And your son, Alan, actually has the authority to settle your lawsuits on your behalf; correct?" Plaintiff responded, "I don't know if he has the legal authority or not, but I mean, if he tells me that I should settle, I'm not likely to tell him no." In addition to simply cherry picking a single record citation and then misrepresenting what it actually said, defendants cite no authority as to why this sort of father-son relationship would bar the father from bringing a lawsuit similar to one his son had previously brought. The contention is waived.

Finally, it should be patently obvious that this court cannot assess whether the trial court committed prejudicial evidentiary error without a complete summary of the evidence received at trial.[1]

---

[1] The respondent's brief that plaintiff filed included a statement of facts that comes much closer to what we expect of parties, but even it did not provide a coherent explanation of the alleged scam, other than that it involved the destruction of records, falsified debt instruments, and forged notary signatures. However, rule 8.204(a)(2)(C) of the California Rules of Court, places the burden to provide a factual summary on the appellant, not the respondent. We also note that defendants did not file a reply brief in this case, and thus they chose not to correct the errors in their opening brief.

4

DISPOSITION

The judgment is affirmed. Plaintiff Daniel Hasso shall recover his costs incurred on appeal.[2]

IKOLA, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

FYBEL, J.

---

[2] Plaintiff's motion to dismiss the appeal is denied. Plaintiff's motion for sanctions is denied as untimely. (Cal. Rules of Court, rule 8.276(b).)