Filed 4/29/16  Los Angels Unified School Dist. v. Adams CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| LOS ANGELES UNIFIED SCHOOL DISTRICT,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN W. ADAMS,<br><br>    Defendant and Appellant. | B262506<br><br>(Los Angeles County<br>Super. Ct. No. BC420518) |

APPEAL from a judgment of the Superior Court of Los Angeles County. C. Edward Simpson, Judge.   Affirmed.

John W. Adams, in pro. per., for Defendant and Appellant.

Koeller, Nebeker, Carlson & Haluck and Dennis K. Wheeler, for Plaintiff and Respondent.

Appellant John Adams, in propria persona, appeals from the judgment entered for respondent Los Angeles Unified School District (LAUSD) after a court trial in LAUSD's action seeking to recoup overpayments of salary and benefits to Adams, a retired LAUSD teacher. As we shall explain, appellant has failed to demonstrate reversible error. Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant was employed as a teacher for LAUSD from 1996 until 2009. During the 2007-2008 school year, appellant and LAUSD settled a salary dispute. The settlement, dated November 2009, provided that appellant released the LAUSD from all claims that exist or that "may arise in the future" against LAUSD.[1] Appellant retired from LAUSD in 2009 taking disability retirement with the California State Teachers' Retirement System (CALSTRS).

In 2007, LAUSD implemented a new payroll system. As a result of problems and errors with the system, thousands of LAUSD current and former employees, including appellant, received overpayments of salary and retirement benefits. LAUSD undertook efforts to recoup the overpayments.

In January 2010, after the informal collection efforts failed to obtain the overpayments from appellant, LAUSD filed a complaint for, among various causes of action, recovery of "Money Paid by Mistake" (Civ. Code, § 1577) and a common count for "Money Had And Received." (Capitalization omitted.) LAUSD alleged that appellant was "mistakenly paid and received unearned salary payments for certain payroll periods beginning as early as January 2007, with a current overpayment balance of $14,134.44."

Appellant filed a series of cross-complaints against LAUSD asserting a number of affirmative claims and defenses. Specifically, his eighth amended cross-complaint included claims for breach of contract, harassment, failure to pay wages (Civ. Code, § 3287) and violation of wage garnishment laws. The trial court sustained LAUSD's

_____

[1] Appellant also agreed to waive his rights under Civil Code section 1542, to all unknown claims.

2

demurrer without leave to amend all of the causes of action in the eighth amended cross-complaint,[2] except for the violation of Civil Code section 3287.[3] The case proceeded to a court trial in January 2015. Only the last day of the trial, January 13, 2005, in which the parties presented their closing arguments, was transcribed.

The trial court entered judgment for LAUSD on the complaint, finding that as a result of errors in LAUSD's payroll system, appellant was overpaid during three years (2006-2009). The court awarded LAUSD $14,134.44 plus interest. The court also entered judgment for LAUSD on appellant's cross-complaint, finding that the provisions of the release in appellant's settlement agreement with LAUSD barred the claims and that appellant failed to present evidence to support any claim that LAUSD underpaid him.

Appellant timely filed a notice of appeal.[4]

---

[2] Appellant filed a notice of appeal from the order sustaining the demurrer to the eighth amended cross-complaint (B258309). This court dismissed the appeal as prematurely filed. Although the clerk's transcript in the current appeal does not contain a copy of the eighth amended cross-complaint, LAUSD's demurrer to the complaint, the opposition to the demurrer, or the order sustaining the demurrer, those documents were included in the clerk's transcript in the prior appeal, and we take judicial notice on our own motion of the appellate record in B258309. (See Evid. Code, §§ 452, subd. (c), 459; *Deschene v. Pinole Point Steel Co.* (1999) 76 Cal.App.4th 33, 37, fn. 2 [sua sponte judicial notice].)

[3] A month before the trial, appellant sought leave to file the ninth amended cross-complaint. In the ninth amended cross-complaint appellant alleged LAUSD submitted "false information" in connection with its effort to correct the payroll system errors to CALSTRS which reduced his monthly disability retirement checks, and violated Civil Code section 3287 and wage garnishment laws. The amended complaint further alleged a statute of limitations defense to LAUSD's complaint, a destruction of payroll records claim, and a duplicative recovery claim based on an allegation that LAUSD previously recovered the overpayments from Deliotte Consulting for the faulty payroll system. The trial court denied appellant's request to file the amended complaint, concluding that the same allegations had been previously dismissed, and that the effort to amend the complaint was untimely.

[4] In addition to the clerk's transcript, appellant filed four motions to augment the record on appeal. We grant the motion to augment filed on April 29, 2015; we previously granted three other motions to augment.

**DISCUSSION**

The burden of establishing trial court error rests solely with the appellant. (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 766.)  Consequently, appellant must support his claims with proper citations to the record.  (See Cal. Rules of Court, rule 8.204(a)(1)(C) [appellate brief must support factual references by citation to volume and page number of trial court record]; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 [the "party challenging a judgment has the burden of showing reversible error by an adequate record]".)  Appellant is required to follow these rules even where, as here, he represents himself.  (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 523 [holding that although appellant "is representing [himself] in this appeal [he] is not entitled to special treatment and is required to follow the rules"].)

"Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be conclusively presumed correct as to all evidentiary matters.  To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error.  [Citation.]  The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992, italics omitted; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [failure to provide an adequate record on an issue requires that the appellate court resolve the matter against the appellant].)

Here, because appellant has provided neither a reporter's transcript nor a settled statement[5] and because no error appears in the record that he has presented, we must presume the judgment is correct.

---

[5] "When oral proceedings are not reported or cannot be transcribed, an appellant may proceed by way of a settled statement in lieu of a reporter's transcript.  (Cal. Rules of Court, rule 8.137(a).)  To do so, the appellant must file a motion in the superior court to use a settled statement and, if the motion is granted, must serve and file . . . 'a condensed narrative of the oral proceedings that the appellant believes necessary for the appeal.'  (Rule 8.137(b)(1).)"  (*Von Nothdurft v. Steck* (2014) 227 Cal.App.4th 524,

Appellant asserts nearly 20 arguments in his opening brief, almost all of which concern the admission and sufficiency of the evidence or the arguments offered at trial. For example, appellant assails the sufficiency of the evidence supporting the judgment on the complaint and cross-complaint, asserting that LAUSD failed to prove the amount appellant received in overpayment and that he demonstrated that the LAUSD underpaid him. Specifically, he argues that the court permitted LAUSD to introduce contradictory, irrelevant and incompetent evidence and allowed LAUSD to present evidence in the trial that it had not produced during discovery. Appellant also maintains that the court erred by overruling or ignoring his objections and arguments, and limiting his presentation of evidence and examination of witnesses. Appellant further claims that LAUSD mischaracterized the scope of his prior settlement and the court improperly rejected his claim that LAUSD violated the Labor and Civil Code provisions concerning the payment and garnishment of wages. Finally, he asserts that the court erred in awarding damages because LAUSD and Deloitte Consulting caused the payroll errors and that any award to LAUSD should have been offset by amounts LAUSD received from its settlement with Deloitte Consulting.

Appellant, however, has failed to provide an adequate appellate record to permit us to evaluate these claims. Except for the closing arguments, the trial was not transcribed. Absent a transcript of the proceedings or a settled statement, this court cannot assess the merits of appellant's contentions that relate to conduct and events that occurred during the trial. Without a record of the trial, we cannot determine whether sufficient evidence supports the judgment.[6] For the same reason, we are unable to ascertain whether the court foreclosed certain areas of questioning or erred in failing to admit certain exhibits or allow certain testimony. Likewise, we cannot test the merits of

---

534.) Appellant did not attempt to obtain, nor is there, a settled statement of the proceedings.

[6] Although during closing argument the court stated that appellant had failed to prove the underpayments alleged in the cross-complaint, without a record of the trial, we have no means to test the court's conclusion.

5

appellant's contention that the court admitted evidence that LAUSD had failed to disclose during discovery or admitted incompetent evidence. On this record, we cannot decide whether certain defenses have merit—it is impossible, for example, to determine whether appellant's claim has merit that the award against him should have been offset by LAUSD's recovery from other entities.

Appellant contends that review of the clerk's transcript and the transcript of the closing argument alone show prejudicial error. We disagree. With respect to the closing argument, appellant complains that the trial court erred by allowing LAUSD to present new evidence and testimony, provided LAUSD exclusive access to exhibits and allowed LAUSD to use the majority of the time during the closing argument. The transcript of the argument, however, does not support these contentions. Instead, the transcript reveals that the court allowed both parties an ample opportunity to present arguments and respond to its tentative ruling. Both parties referred to exhibits that they had provided to the trial court. Contrary to appellant's argument, the court did not reopen the proceedings to allow LAUSD to admit additional evidence; the court only allowed LAUSD to present argument on the basis of the evidence already admitted. The court gave appellant ample opportunity to orally respond to LAUSD's arguments, and summarize his position and also allowed him to file a written summation. The record does not disclose that the court showed bias against appellant or favoritism toward LAUSD.

Appellant also contends that the three-year statute of limitations in Code of Civil Procedure section 338, subdivision (d) barred LAUSD's causes of action. (Code Civ. Proc., § 338, subd. (d) [claim based on mistake must be filed no later than three years after aggrieved party discovers facts constituting the mistake].) He argues that although LAUSD filed the complaint in 2010, he did not know until mid-litigation in 2012 or 2013 that LAUSD alleged that they had overpaid him in 2007. Appellant's discovery of the claim against him did not trigger the statute of limitations—the limitations period is triggered by LAUSD's discovery of the mistake. In any event, based on the record before us, the defense lacks merit. In its complaint, LAUSD specifically alleged that the overpayment to appellant began "as early as January, 2007." LAUSD filed its complaint

6

in January 2010. Nothing in the record suggests that LAUSD was aware of the overpayment any earlier. Thus, the complaint was timely.

Finally, appellant's contentions concerning the cross-complaint also fail. Contrary to appellant's claim, the settlement agreement release precluded appellant from recovery of any alleged underpayment of wages.

Appellant also asserts that the court erred in sustaining the demurrer to his eighth amended cross-complaint. He contends that the court erred in concluding that he was required to exhaust his administrative remedies and that, in any event, he satisfied the requirement that he exhaust his remedies with CALSTRS before bringing a claim against LAUSD. Based on the Education Code and Labor Code sections in effect at the time appellant filed his complaint, and the evidence in the record in appellant's appeal from the order sustaining the demurrer, it appears that appellant attempted to exhaust his remedies too late—*after* he filed his cross-complaint. (*California Teachers' Assn. v. Governing Board* (1985) 169 Cal.App.3d 35, 47 [administrative remedies must be exhausted before filing a civil action].) As a result, the trial court properly sustained the demurrer to his eight amended complaint on that ground. Moreover, having allowed nine attempts to sufficiently allege claims against LAUSD, the court did not err in failing to give him a tenth chance. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) Accordingly, appellant has failed to carry his burden of affirmatively demonstrating reversible trial court error.

**DISPOSITION**

The judgment is affirmed.  Respondent is entitled to its costs on appeal.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:



CHANEY, J.



JOHNSON, J.

8