Filed 10/3/22  Conde v. Gibbs CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| H. VICTOR CONDÉ,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MICHELE GIBBS et al.,<br><br>    Defendants and Respondents. | 2d Crim. No. B314567<br>(Super. Ct. No. 17PR0046)<br>(San Luis Obispo County) |

    H. Victor Condé appeals the trial court's order surcharging him $25,194 for unsupported disbursements and disallowed fees he claimed to have incurred as trustee of a family trust. Appellant contends that he offered sufficient evidence to substantiate the disallowed fees and that the court misapplied the law. We conclude that appellant has forfeited his claims by failing to provide this court with an adequate record and failing

to comply with rules 8.204(a)(1)(B) and 8.204(a)(1)(C) of the California Rules of Court.[1] Accordingly, we affirm.

## FACTS AND PROCEDURAL HISTORY

In 2001, Robert Glen Gibbs established the Gibbs Family American Property Trust (the trust). Although Gibbs owned property and other assets in France, the trust was funded with stock worth approximately $590,000 and a mutual fund account with an approximate balance of $140,000.

In October 2014, due to Gibbs's incapacity, appellant was appointed as trustee of the trust. Gibbs's daughters, respondents Michele Gibbs and Julie Gibbs, became sole beneficiaries of the trust in 2015 after Gibbs died and his wife disclaimed any interest in the trust. After appellant filed his first account and report indicating that he had received more than $50,000 in trustee-related disbursements and fees from the trust, which included claimed expenses for several trips he took to France to interview Gibbs's wife, respondents objected to certain expenditures (including all of the expenditures related to Condé's trips to France) and the overall amount of fees charged.

On December 13, 2017, following a lengthy evidentiary hearing the trial court issued a detailed ruling in which it disallowed and surcharged appellant a total of $25,194, consisting of "$12,564 for unsupported disbursements in his account and $12,630 for disallowed trustee fees." The court also ordered respondents to prepare a judgment on the court's ruling.

Respondents, who were no longer represented by counsel, sent the court a proposed judgment in February 2018. The document was rejected because it did not comply with the local

---

[1] All further rule references are to the California Rules of Court.

2

rules and contained formatting errors. The rejected document was placed in a court box for pickup because no self-addressed and stamped envelope was included, but the document was never picked up.

In June 2021, appellant moved to dismiss the court's order due to respondent's failure to timely file the judgment or, in the alternative, enter the proposed judgment submitted by him in conjunction with his motion to dismiss. Respondents filed a non-opposition to entering appellant's proposed judgment, noting that they had no idea that their proposed judgment had been rejected by the court. The court denied the motion to dismiss and filed the judgment on July 27, 2021. Appellant filed a timely notice of appeal.[2]

## DISCUSSION

Appellant contends the challenged order is erroneous. We agree with respondents that appellant has forfeited his claims by failing to provide an adequate record or comply with the briefing requirements set forth in rules 8.204(a)(1)(B) and 8.204(a)(1)(C).

It is well-settled that "[a]ppealed judgments and orders are presumed correct, and error must be affirmatively shown. [Citation.]" (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) As the party challenging the court's presumably correct findings and rulings, appellant is

---

[2] We reject respondents' contention that the appeal is untimely. Although the court issued its order on December 13, 2017, the judgment was not actually entered until July 27, 2021. Until a judgment was entered, appellant had no right—much less an obligation—to file a notice of appeal from the court's order. (Rule 8.104.)

3

required "to provide an adequate record to assess error." (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.)

"In numerous situations, appellate courts have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided." (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186.) Here, appellant challenges a ruling issued following a lengthy evidentiary hearing at which the court heard and considered extensive testimony. Appellant, however, did not designate the reporter's transcript of those hearings for inclusion in the record on appeal.

Appellant's opening brief also fails to comply with rules 8.204(a)(1)(B) and 8.204(a)(1)(C). "A violation of the rules of court may result in the striking of the offending document, the waiver of the arguments made therein, the imposition of fines and/or the dismissal of the appeal." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.) Under rule 8.204(a)(1)(B), the appellant's opening brief was required to "[s]tate each point, under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority." Under rule 8.204(a)(1)(C), appellant was also required to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears."

As respondents note, appellant's brief lacks adequate case authority and is replete with factual and legal assertions that are not supported by any citation to the record or the law. Moreover, appellant declined the opportunity to file a reply brief or otherwise attempt to address these issues. We conclude that appellant has forfeited his claims on appeal. (*Foust v. San Jose*

4

*Construction Co., Inc., supra,* 198 Cal.App.4th at p. 186; *Del Real v. City of Riverside, supra,* 95 Cal.App.4th at p. 768.)

**DISPOSITION**

The judgment is affirmed. Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED.

PERREN, J.*

We concur:

GILBERT, P.J.

YEGAN, J.

---

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Charles S. Crandall, Judge
Tana L. Coates, Judge
Superior Court County of San Luis Obispo

_____

Alan Leigh Armstrong for Plaintiff and Appellant.

Tardiff & Saldo Law Offices, Dustin M. Tardiff, for Defendants and Respondents.