Filed 5/6/26  Mitchell v. Imperato CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| KRISTA MITCHELL,<br>        Plaintiff and Appellant,<br><br>        v.<br><br>DAYLE ANN IMPERATO,<br>        Defendant and Respondent. | C101508<br><br>(Super. Ct. No. 34-2021-00303173-CU-MC-GDS) |

Appellant Krista Mitchell, representing herself in propria persona, filed an action for declaratory relief against respondent Dayle Ann Imperato.  After a trial, the trial court dismissed the case, finding the action improperly sought to challenge a prior administrative hearing decision.  On appeal, appellant contends her declaratory judgment action is proper.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant filed a complaint in June 2021 against respondent "for the sole lawful purpose of declaring [respondent] 'keeper' of [appellant's] 58 rescue dogs" during certain days in February 2019.  The complaint alleged appellant had an oral lease with respondent to house rescued dogs in a barn on respondent's property.  The relationship between appellant and respondent soured in early 2019 leading to respondent terminating the lease and obtaining a temporary restraining order against appellant in February 2019.

1

Appellant was served with the restraining order on the evening of February 19, 2019, while tending to the animals; police arrived shortly after service of the order and "escorted [appellant] from the property and told [appellant] to not return to the property." This resulted in appellant "involuntarily leav[ing] her 58 rescue dogs in the sole care and custody of landlord [respondent]." The complaint also alleged respondent refused entry for other volunteers to tend to the animals unless they signed an indemnity agreement. "In other words, [respondent] obstructed the proper care of the 58 rescue dogs and rescue cats inside her barn and exercised 'keeper' authority over the dogs and cats."

The complaint further alleged: "On February 21, 2019, without a warrant, probable cause, or consent, [a]nimal [c]ontrol [o]fficers … seized [appellant's] 58 rescue dogs." Before the seizure respondent had "failed to provide proper care for the 58 rescue dogs and rescue cats, failed to feed the animals, failed to give water to the animals, failed to clean pens or stalls, and obstructed [appellant's] efforts to provide proper care for the animals in the barn." "Many of [appellant's] dogs had been euthanized and the rest were given to" another party.

The complaint sought declaratory judgments establishing respondent was the " 'keeper' " of the animals for the days in February 2019 when appellant was barred from the property, respondent performed an illegal self-help eviction, respondent had a statutory duty to take care of the animals, and respondent failed to provide proper care to the animals.

The matter went to a court trial, after which the trial court issued a written order on July 2, 2024. The order summarized the basic facts as alleged in the complaint, but added: "On March 5, 2019, after an administrative hearing, [appellant and her husband] were ordered to pay all the costs associated with the seizure and the care of the animals." Appellant called respondent as her only witness at trial. During this examination, appellant introduced the administrative hearing decision into evidence. This decision stated appellant and her husband argued during the administrative hearing that respondent

2

" 'was the "de facto guardian" of the animals and had "de facto custody" of them.' " The trial court's order stated, "The [h]earing [o]fficer concluded that [appellant and her husband] failed to provide any legal authority for this position." Thus, the hearing officer affirmed the proper seizure of the animals "and found that [appellant and her husband] were responsible for the costs of seizing and caring for the dogs."

The trial court concluded: "Through this lawsuit, [appellant] is requesting that this [c]ourt overturn the decision of the [h]earing [o]fficer, and as a result, is seeking redress of 'past wrongs.' [Appellant] had the ability to challenge the [a]dministrative [h]earing [d]ecision and [o]rder through the appeal process. Accordingly, the [c]ourt is dismissing this case with prejudice as there is no actual controversy that is justiciable."

Appellant appeals.

## DISCUSSION

Appellant contends the trial court made legal and factual errors in dismissing her matter. For the legal error, appellant contends her lawsuit properly seeks declaratory relief because "an actual controversy exists as to whether [respondent] was 'keeper' of the 58 rescued dogs in her barn for the [three] consecutive days constituting the relevant time." We disagree.

We review appellant's challenges to the trial court's legal determinations de novo. (*Earnest v. Commission on Teacher Credentialing* (2023) 90 Cal.App.5th 62, 73.)

Code of Civil Procedure section 1060 authorizes "[a]ny person … who desires a declaration of his or her [or their] rights or duties with respect to another … in cases of actual controversy relating to the legal rights and duties of the respective parties, [to] bring an original action … for a declaration of his or her [or their] rights and duties." However, "[t]he purpose of a judicial declaration of rights in advance of an actual tortious incident is to enable the parties to shape their conduct so as to avoid a breach. '[Declaratory] procedure operates prospectively, and not merely for the redress of past wrongs. It serves to set controversies at rest before they lead to repudiation of

3

obligations, invasion of rights or commission of wrongs; in short, the remedy is to be used in the interests of preventive justice, to declare rights rather than execute them.' " (*Babb v. Superior Court* (1971) 3 Cal.3d 841, 848.)

We conclude there was no error with the trial court's legal ruling. According to the trial court, the administrative hearing officer determined in March 2019 appellant was the "keeper" of the animals. There is no evidence in the record appellant challenged this ruling at the time, and she does not now claim on appeal that she did. Instead, appellant filed a complaint over two years later seeking to challenge this finding by requesting a declaratory judgment "for the sole lawful purpose of declaring [respondent] 'keeper' of [appellant's] 58 rescue dogs" in February 2019. Throughout appellant's brief she focuses on deficiencies in the administrative hearing officer's findings and argues extensively that respondent was in fact the keeper of the animals. But " '[i]t is settled that an action for declaratory relief is not appropriate to review an administrative decision.' [Citation.] … [A]dministrative mandamus is ' "the proper and sole remedy" ' where a local agency's application of the law is at issue." (*Carloss v. County of Alameda* (2015) 242 Cal.App.4th 116, 125-126.) The trial court therefore correctly found appellant's suit is not an appropriate declaratory relief action.

Appellant makes two rebuttal arguments. First, she contends the administrative hearing order is "void *ab initio*" because the hearing officer never had jurisdiction due to improper service of the charging document. But this is still improperly challenging the administrative order with a declaratory relief action. Furthermore, even if we could legally review the administrative ruling for proper jurisdiction, we do not have the administrative ruling in the record, prohibiting any review. It is a "well-established rule of appellate review that a judgment or order is presumed correct." (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.) "It is the appellant's burden to demonstrate the existence of reversible error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 766.) These basic rules apply to all litigants, including those

4

who represent themselves on appeal. (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 523.) We cannot simply accept appellant's word there was no jurisdiction due to improper service. And the trial court's order indicated appellant appeared at the administrative hearing, which could have waived any jurisdictional issues. (*Humphrey v. Bewley* (2021) 69 Cal.App.5th 571, 579 [" '[a] general appearance by a party is equivalent to personal service of summons on such party.' [Citation.] It makes up for defective service, or even a complete lack of service"].) But we cannot review the veracity of these positions without a complete record.

Appellant also similarly asserts the administrative order "was vacated by trial de novo August 28, 2024." (Boldface & italics omitted.) This vacatur apparently happened in a related case involving appellant's husband. But we also do not have this ruling in the record even if we could consider it. Ultimately, appellant is challenging the July 2, 2024 trial court order dismissing appellant's case and appellant has not carried her burden to establish this decision was the result of any legal error.

Appellant also asserts the trial court made a prejudicial factual error in detailing the timing of the restraining order and when the animals were removed. These facts are not relevant to the trial court's ultimate finding the declaratory relief action was not appropriate.

We consequently conclude appellant has not established error on any basis and affirm the trial court's order.

## DISPOSITION

The judgment is affirmed.  Respondent shall recover her costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1)-(2).)


/s/
ROBIE, J.

We concur:



/s/
HULL, Acting P. J.



/s/
WISEMAN, J.*

---

\*       Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.