Filed 4/11/17  Certified for publication 5/3/17 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| STANLEY P. BERMAN , | C081487 |
| Plaintiff and Appellant, | (Super. Ct. No. CU14080886) |
| v. | |
| HSBC BANK USA, N.A., | |
| Defendant and Respondent. | |

When defendant HSBC Bank USA, N.A. (HSBC) notified plaintiff Stanley P. Berman in writing that HSBC was denying his application for a loan modification, HSBC told him he had 15 days to appeal the denial.  Under the law, however, Berman actually had 30 days to appeal.  (See Civ. Code,[1] § 2923.6, subd. (d) ["[i]f the borrower's

_____

[1]      All further section references are to the Civil Code.

1

application for a first lien loan modification is denied, the borrower shall have at least 30 days from the date of the written denial to appeal the denial"].)

Berman brought this action for injunctive relief under section 2924.12 on the theory that "the denial letter . . . [wa]s a material violation of sub[division] (d) [of section 2923.6] in that [the letter] only provide[d] fifteen days for appeal." The trial court sustained HSBC's demurrer to Berman's complaint without leave to amend based on the conclusion that Berman had not alleged a violation of section 2923.6. On Berman's appeal, we conclude the trial court erred: the denial letter constituted a material violation of section 2923.6 because it substantially misstated the time Berman was allowed by the law to appeal HSBC's denial of his application for a loan modification. Moreover, we find no merit in any of HSBC's alternate arguments for affirming the trial court. Accordingly, we will reverse.

FACTUAL AND PROCEDURAL BACKGROUND

Because this appeal arises from the sustaining of a demurrer, we summarize the facts alleged in the complaint, accepting as true the properly pleaded factual allegations. (See *Debrunner v. Deutsche Bank National Trust Co.* (2012) 204 Cal.App.4th 433, 435.)

Berman is the record owner of the property located at 15342 Carrie Drive, Grass Valley, California, where he resides. Berman defaulted on his home mortgage and a notice of default was recorded. Sometime prior to September 16, 2014, Berman submitted a complete application for a loan modification to HSBC, asserting a significant change in financial condition. By letter dated September 18, 2014, HSBC denied Berman's request for a loan modification. HSBC's denial letter stated that Berman had until October 2, 2014, (i.e., 15 days) to file an appeal of the decision.[2]

---

**2**      The letter stated in pertinent part as follows: "You have the right to appeal our decline decision regarding the Homeowners Assistance Program. If you would like to appeal, you must contact us in writing at the address provided below by 10/02/2014 and

On December 2, 2014, Berman commenced this action against HSBC by filing a complaint seeking injunctive relief.  In his complaint, he asserted that because HSBC's denial letter gave him only 15 days to appeal the denial, when section 2923.6, subdivision (d) provides for an appeal period of at least 30 days, the denial letter was "in violation of sub[division] (d) in that it only provides fifteen days for appeal [and] thus the requirements of sub[division] (f) describing the matter mandated to be included in the denial letter have not be[en] followed and the trustee sale can not [*sic*] legally proceed."[3] He further asserted that "[n]o significant injury to Defendants will occur through the granting of the injunction as all they would need to do is issue an amended denial letter which complies with the 30 day appeal requirement and then they would be legally entitled to conduct a trustee's sale once that period had expired."  Thus, it was apparent that Berman was seeking injunctive relief that would require HSBC to issue a new denial letter before HSBC could proceed to notice and conduct a trustee's sale.

The day after he filed his initial complaint, Berman filed a first amended verified complaint.  The only difference between the two complaints was that the amended complaint was verified.

In July 2015, HSBC demurred to the first amended complaint, arguing (among other things) that "[s]ection 2923.6 only prohibits the recording of a notice of default or notice of sale, or conducting a sale, unless certain requirements are met," and HSBC

_____

state that you are requesting an appeal of our decision. . . . You may also specify the reasons for your appeal, and provide any supporting documentation.  Your right to appeal expires 10/02/2014.  Any appeal requests or documentation received after 10/02/2014 may not be considered."

[3]     As relevant here, subdivision (f)(1) of section 2923.6 provides that "[f]ollowing the denial of a first lien loan modification application, the mortgage servicer shall send a written notice to the borrower identifying the reasons for denial, including the following: [¶]  (1) The amount of time from the date of the denial letter in which the borrower may request an appeal of the denial of the first lien loan modification and instructions regarding how to appeal the denial."

3

"did[] not actually conduct[] the sale within [the appeal] period. In fact, to date, the sale has not occurred in the six months after the September 18, 2014 Denial Letter." The trial court sustained the demurrer with leave to amend, reasoning that "no violation of [subdivision (e) of section 2923.6 wa]s alleged" because Berman did not allege that HSBC "recorded a Notice of Sale or conducted a trustee's sale prior to 31 days after [he] was notified in writing of the denial of the modification."[4]

On August 31, 2015, Berman filed a second amended complaint. The factual allegations in this complaint are similar in all relevant respects to the allegations in the first amended complaint (and the original complaint). In the second amended complaint, however, Berman asserted for the first time that "the denial letter . . . is a material violation of subdivision (d) in that it only provides fifteen days for appeal." Berman further asserted that he was entitled to an injunction under section 2924.12 enjoining HSBC from conducting a trustee's sale until the court determined that the violation was corrected.[5]

---

[4] Subdivision (e) of section 2923.6 provides as follows: "If the borrower's application for a first lien loan modification is denied, the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or, if a notice of default has already been recorded, record a notice of sale or conduct a trustee's sale until the later of: [¶] (1) Thirty-one days after the borrower is notified in writing of the denial. [¶] (2) If the borrower appeals the denial pursuant to subdivision (d), the later of 15 days after the denial of the appeal or 14 days after a first lien loan modification is offered after appeal but declined by the borrower, or, if a first lien loan modification is offered and accepted after appeal, the date on which the borrower fails to timely submit the first payment or otherwise breaches the terms of the offer."

[5] As relevant here, subdivision (a) of section 2924.12 provides as follows: "(a)(1) If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section . . . 2923.6. [¶] (2) Any injunction shall remain in place and any trustee's sale shall be enjoined until the court determines that the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent has corrected and remedied the violation or violations giving rise to the action for

4

HSBC demurred to the second amended complaint, again asserting that it had not violated section 2923.6 because it had not conducted a trustee's sale within the statutory appeal period. The trial court agreed and sustained the demurrer without leave to amend because again Berman did not allege that HSBC "recorded a Notice of Sale or conducted a trustee's sale prior to 31 days after [he] was notified in writing of the denial of the modification." With respect to Berman's reference to section 2924.12, the court noted that "that provision allows for injunctive relief if there is a material violation of another provision" and "[h]ere, Plaintiff has not demonstrated a violation of another provision." The trial court subsequently entered judgment in favor of HSBC.

Berman timely appealed.

DISCUSSION

A demurrer tests the legal sufficiency of the complaint. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) We review the complaint to determine whether it alleges facts sufficient to state a cause of action. (*Ibid.*) For purposes of review, we accept as true all material facts alleged in the complaint, but not the contentions, deductions or conclusions of fact or law. (*Ibid.*)

Oddly enough -- given that he acknowledges the issue for us to decide is whether the complaint alleges facts sufficient to state a cause of action -- in the page and one-half he devotes to argument in his opening brief, Berman does not address that issue at all. Instead, he argues that HSBC "never raised the issue of materiality in its demurrer, materiality was never briefed by the parties, yet the Court's ruling was based on its sua sponte consideration of the issue of materiality." He contends this was "clear error and grounds for reversal." He further asserts that he alleged materiality in his complaint

---

injunctive relief. An enjoined entity may move to dissolve an injunction based on a showing that the material violation has been corrected and remedied."

5

when he alleged that the denial letter was a material violation of subsection (d) of section 2923.6.

Not only does Berman's argument fail to address the only issue that really matters -- whether his complaint alleges facts sufficient to state a cause of action -- his argument is based on an entirely erroneous premise -- namely, that the trial court's sustaining of HSBC's demurrer "was based on its sua sponte consideration of the issue of materiality." That is simply not the case. It is true the trial court noted that in his second amended complaint, Berman sought injunctive relief under section 2924.12, which allows for injunctive relief if there is a "material violation" of any of various statutes, including section 2923.6, but the conclusion the trial court drew relative to section 2924.12 was only that Berman had "not demonstrated a violation" of any of the statutes referenced in section 2924.12. Thus, the trial court was not concerned with and did not consider "materiality" and the trial court's ruling sustaining HSBC's demurrer was in no way "based" on any "consideration of the issue of materiality," sua sponte or otherwise. Rather, the trial court's ruling was based on its conclusion that Berman had not alleged *any* violation of section 2923.6.

As to *that* issue -- whether Berman's second amended complaint alleged facts constituting a violation of section 2923.6 and thus facts sufficient to state a cause of action for injunctive relief under section 2924.12 -- Berman's opening brief offers no argument. This omission would be sufficient for us to affirm the judgment against Berman because "[i]t is the appellant's burden to demonstrate the existence of reversible error" (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 766), and " ' "[w]hen an appellant fails to raise a point, . . . we treat the point as waived." ' [Citation.] 'We are not bound to develop [an] appellant['s] argument for [him]. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived' " (*Cahill v. San Diego Gas & Electrical Co.* (2011) 194 Cal.App.4th 939, 956). Nevertheless, despite Berman's failure to address in his opening brief the dispositive

6

issue of whether his second amended complaint alleges facts sufficient to state a cause of action, we will not treat that issue as waived because, between the parties' arguments in the trial court, and the arguments exchanged between HSBC's respondent's brief and Berman's reply brief, the dispositive issue here has been adequately addressed by both sides and is sufficiently framed and developed for us to decide.

Essentially, the competing positions are as follows:

Berman claims that by sending a denial letter that purported to give him only 15 days to file an appeal, HSBC committed a material violation of section 2923.6 because subdivision (f) of that section provides that such a denial letter must include "[t]he amount of time from the date of the denial letter in which the borrower may request an appeal" and subdivision (d) of that section specifies that "the borrower shall have at least 30 days from the date of the written denial to appeal the denial." Berman essentially reasons that if a denial letter identifies as "[t]he amount of time from the date of the denial letter in which the borrower may request an appeal" a period of time that is *less* than the 30-day minimum the law requires, the denial letter violates section 2923.6 and is "ineffective," and an injunction can issue under section 2924.12 to enjoin any trustee's sale until that violation is corrected by the issuance of a new denial letter that sets forth a legally adequate period for appeal. Berman further contends that he "is under no obligation to file his Notice of Appeal to the denial of the loan modification until [HSBC] has provided a denial letter that fully complies in all material aspects with the mandates of" section 2923.6, because (due to the fact that the initial denial letter was "ineffective") "[t]he mandated thirty day appeal period has not yet begun running and [HSBC] remains in control as to when that thirty day period will begin running."

For its part, HSBC takes the position that it did not violate subdivision (f) of section 2923.6 because that subdivision requires only that the denial letter include "[t]he amount of time from the date of the denial letter in which the borrower may request an appeal," and the denial letter here did so -- even if the amount of time specified in the

7

letter was less than the minimum amount of time allowed by subdivision (d) of section 2923.6. HSBC further argues that it did not violate section 2923.6 because it did not conduct a trustee's sale within the 30-day appeal period provided by subdivision (d), which is prohibited by both subdivision (c) of the statute -- which applies while a "complete first lien loan modification application is pending"[6] -- and subdivision (e) of the statute -- which applies once "the borrower's application for a first lien loan modification is denied."[7] And as for the minimum 30-day appeal period provided by subdivision (d) of section 2923.6, HSBC asserts only that: (1) the 15-day period included in its denial letter was "within the statutory appeal period"; and (2) Berman did not appeal in the 30-day statutory period in any event, or even within all of the time that has passed since the September 2014 denial letter (now more than two and one-half years).

We conclude Berman has the better argument. It is without dispute that section 2923.6 does two things that are relevant here: (1) it requires a lender like HSBC to advise the borrower in the denial letter how much time the borrower has to appeal; and (2) it requires the lender to give the borrower at least 30 days to appeal. Thus, to comply with the law, the denial letter must inform the borrower of an appeal period that is at least 30 days in length. HSBC's denial letter did not do that. Instead, HSBC's letter advised Berman he had only *15* days to appeal -- merely half of the period allowed by law.

---

[6]     As relevant here, subdivision (c) of section 2923.6 provides as follows: "If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs: [¶] (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired."

[7]     See footnote 4, *ante*, for the text of subdivision (e) of section 2923.6.

Because the denial letter did not give Berman the full amount of time to appeal provided by the Legislature, his right to do so was effectively diminished as a result. We conclude this was a material violation of section 2923.6.

To the extent HSBC argues that Berman did not allege a violation of section 2923.6 because Berman did not allege that HSBC conducted a trustee's sale within the 30-day appeal period provided by subdivision (d), that argument establishes only that Berman did not allege a violation of subdivisions (c) or (e) of section 2923.6. But there is more to the statute than those two subdivisions, and when subdivisions (d) and (f) are considered, it is apparent (as we have concluded) that Berman *did* allege a violation of section 2923.6.

To the extent HSBC asserts the 15-day appeal period included in its denial letter was "within the statutory appeal period," that assertion is nonsensical. Subdivision (d) of section 2923.6 requires an appeal period of "at least" 30 days. That means 30 days *or more*. Thus, an appeal period of only 15 days is *not* within the statutory appeal period.

To the extent HSBC contends Berman did not appeal within the 30-day statutory period in any event, or even in all of the time that has passed since the September 2014 denial letter (now more than two and one-half years), and thus "has not been prejudiced in any manner," that contention does not carry the day either. We have concluded already that a denial letter that purports to give a borrower only 15 days to appeal the denial is a material violation of section 2923.6. Subdivision (a) of section 2924.12 provides that "[i]f a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section . . . 2923.6" and "[a]ny injunction shall remain in place and any trustee's sale shall be enjoined until the court determines that the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent has corrected and remedied the violation or violations giving rise to the action for injunctive relief." Thus, it does not matter, for purposes of Berman's request for injunctive relief under section 2924.12, that he has not yet filed an appeal from the

9

September 2014 denial of his application for a loan modification. If Berman proves up the allegations in his second amended complaint, then the denial letter was a material violation of section 2923.6, and section 2924.12 will give Berman the right to an injunction against a trustee's sale that will remain in place until the court determines that HSBC has corrected and remedied the violation -- which HSBC can do by issuing an amended denial letter that properly notifies Berman that he has a period of no less than 30 days to appeal the denial.[8] Nothing in the statutory scheme denies Berman the right to this relief because he did not file an appeal sooner, before the issuance of the amended denial letter. Thus, his failure to file an appeal is, at least for now, of no moment.

Turning to HSBC's remaining arguments in support of affirming the trial court's judgment, we find no merit in any of them. HSBC first contends that because Berman's order to show cause for a preliminary injunction was denied and the previously issued temporary restraining order was dissolved in May 2015, Berman "was already formally denied the only relief he even could have obtained in this matter." This argument lacks merit for several reasons. First, HSBC fails to point out that the denial of the order to show cause for a preliminary injunction was *without prejudice*. Second, HSBC fails to point out that the denial was without prejudice because there was no proof of service of the temporary restraining order or the order to show cause as required by the temporary restraining order itself. Third, HSBC fails to provide any authority for the suggestion that the denial of a preliminary injunction on *whatever* grounds precludes Berman from seeking a permanent injunction. Thus, HSBC has altogether failed to show that the denial of preliminary injunctive relief has any bearing on the merits of Berman's complaint.

---

**8** Indeed, we note, there appears to be no reason why HSBC could not have issued such an amended letter at any time in the last two and one-half years and thus brought an end to the present action.

10

HSBC next contends that Berman's complaint "fails as it is based on a purportedly defective denial letter in regards to a loan modification." In HSBC's view, because the statutory scheme did not guarantee Berman a modification of his loan (see § 2923.4, subd. (a) ["Nothing in the act that added this section . . . shall be interpreted to require a particular result of [the loan modification] process"]), he "cannot allege any harm, or subsequent violation of statute, for having his modification application denied." This argument also lacks merit. Berman's complaint does not allege harm from the denial of his application for a loan modification, nor is there any reason for it to. All he is seeking is the injunctive relief section 2924.12 allows to correct a material violation of section 2923.6. His right to such relief is not dependent on whether he is ultimately entitled to a loan modification. While he has no right to a modification, he does have a right to appeal the denial and the 15-day letter effectively cut off that right prematurely. Thus, the fact that he has no statutory right to a modification is entirely irrelevant here.

HSBC next contends Berman's complaint lacks merit because "by his own concession . . . he was previously offered a . . . loan modification, which he failed to complete." According to HSBC, the third page of the denial letter, which Berman attached as an exhibit to his first amended complaint, "states on its face . . . that he was denied for a . . . modification because [he] 'did not successfully complete a previous Home Affordable Modification Program (HAMP) offer.' " HSBC argues that under subdivision (g) of section 2923.6, it was not obligated to evaluate Berman's loan modification application because of his failure to complete the previous HAMP offer. HSBC also contends that subdivision (c) of section 2923.6 precludes the recording of a notice of default or notice of sale or conduct of a trustee's sale only until the borrower defaults on or otherwise breaches his or her obligations under a loan modification.

Again, HSBC's arguments are without merit. Subdivision (c) of section 2923.6 is not at issue here. Even assuming that Berman failed to complete a previous modification offer, that has no bearing on whether he is entitled to injunctive relief because HSBC's

11

failure to provide the full 30-day period to appeal the denial of a subsequent offer was a material violation of subdivisions (d) and (f) of that statute. As for HSBC's reliance on subdivision (g) of section 2923.6, there are two problems. First, HSBC fails to explain how the fact that it may not have been obligated to evaluate Berman for a second loan modification excuses its material violation of the statute when it nonetheless *decided to* evaluate him for a second modification. Second, and more important, HSBC fails to explain why, on review of HSBC's demurrer, we must accept as true a statement of purported fact contained in the denial letter that Berman attached to his complaint. Berman did not attach the letter to his complaint as proof of that purported fact (i.e., that he failed to complete a previous modification offer); he attached it to evidence HSBC's unlawful provision of only a 15-day appeal period. In the absence of any authority from HSBC that we are bound to treat as true an assertion of fact that Berman did not allege in his complaint, just because that assertion was made in an exhibit Berman appended to his complaint for another reason altogether, we must reject HSBC's argument based on that factual assertion.

Finally, HSBC contends that Berman has "concede[d] that this meritless action is nothing more than a delay tactic." By this, HSBC appears to be referring to the fact that Berman is pursuing this action to force HSBC to issue an amended denial letter, and the suggestion that Berman may not even intend to take an appeal from the denial letter after all. Be that as it may, it has no bearing on Berman's right to relief. As we have explained, section 2924.12 provides for an injunction to stop a trustee's sale until the court has determined that a material violation of section 2923.6 has been corrected. Any delay in HSBC's ability to sell Berman's property at such a sale is the result of the relief the statute provides, HSBC's failure to acknowledge its error in purporting to give Berman only 15 days to appeal the denial of his application for a loan modification, and HSBC's stubborn refusal to correct that error in the intervening two and one-half years. In the end, what matters for our purposes is that Berman's second amended complaint

alleged facts sufficient to state a cause of action for injunctive relief.  Thus, we must conclude that the trial court erred in sustaining HSBC's demurrer.

DISPOSITION

The judgment is reversed, and the case is remanded to the trial court with instructions to vacate its order sustaining HSBC's demurrer and to enter a new and different order denying the demurrer.  Berman shall recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)


/s/_____
Robie, Acting P. J.



We concur:



/s/_____
Murray, J.



/s/_____
Hoch, J.


13

Filed 5/3/17

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| STANLEY P. BERMAN , | C081487 |
| Plaintiff and Appellant, | (Super. Ct. No. CU14080886) |
| v. | ORDER CERTIFYING OPINION FOR PUBLICATION |
| HSBC BANK USA, N.A., | |
| Defendant and Respondent. | |

THE COURT:

The opinion of this court filed April 11, 2017, was not certified for publication in the Official Reports.  For good cause it now appears the opinion should be published in its entirety in the Official Reports and it is so ordered.

BY THE COURT:

 /s/
Robie, Acting, P. J.


 /s/
Murray, J.


 /s/
Hoch, J.

1

## EDITORIAL LISTING

APPEAL from a judgment of the Superior Court of Nevada County, Thomas M. Anderson, Judge.  Reversed with directions.

Stanley P. Berman, in pro. per., for Plaintiff and Appellant.

Wright, Finlay & Zak, Robin P. Wright and Bradford E. Klein, for Defendant and Respondent.