NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAWN GORDON, | No.  20-55850 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-10075-DMG-PLA |
| v. | |
| U.S. BANK, N.A.; FAY SERVICING, LLC, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| OLD REPUBLIC DEFAULT MANAGEMENT SERVICES; QUALITY LOAN SERVICE CORPORATION, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted August 6, 2021**
Pasadena, California

Before:  PAEZ, CALLAHAN, and HURWITZ, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

In this action, Shawn Gordon claims that the servicers of his home loan secured by a deed of trust violated California Civil Code § 2923.6 and the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g). The district court granted summary judgment to the defendants. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Like the district court, we assume without deciding that the defendant loan servicers engaged in dual tracking in violation of § 2923.6 by seeking to foreclose on Gordon's home while he attempted to modify his loan. But § 2924.12 permits a borrower to enforce violations of § 2923.6 until the servicer has "corrected and remedied" the violation "prior to the recordation of the trustee's deed upon sale." *Id*. § 2924.12(b). The defendants never foreclosed on the property and rescinded all prior notices of default after Gordon sought modification of his loan. The defendants paused all foreclosure procedures while they considered Gordon's applications and issued final determinations on those applications before resuming foreclosure activities. *See Berman v. HSBC Bank USA, N.A.*, 11 Cal. App. 5th 465, 473 (2017). The district court therefore correctly rejected Gordon's state law claim.

2. Gordon claims that the defendants violated the TILA requirement that a creditor notify a borrower of any change in his loan's ownership within 30 days. 15 U.S.C. § 1641(g)(1). It is undisputed, however, that he received timely notice that the Truman Trust purchased his loan from U.S. Bank in 2018. Gordon argues that

2

the notice was invalid because it came from an agent who had not yet begun servicing his loan, and that only "the creditor" may send such a notice. *Id.* But, the TILA provides only that "the creditor that is the new owner or assignee of the debt" must provide the notice within 30 days of the loan being "sold or otherwise transferred." *Id.* The district court correctly held that because Gordon timely received the required notice, his TILA claim fails.

**AFFIRMED**.