Filed 6/8/21  Tash v. The Permanente Medical Group CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| KRYSTLE TASH,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>THE PERMANENTE MEDICAL GROUP, INC.,<br>et al.,<br><br>Defendants and Respondents. | C089143<br><br>(Super. Ct. No. 34-2016-00189518-CU-OE-GDS) |

Krystle Tash filed a complaint against The Permanente Medical Group, Inc., and others (collectively Permanente) alleging causes of action for discrimination and harassment based on her gender and her need to express breast milk during working hours.  The trial court granted Permanente's motion for summary judgment and entered judgment against Tash.

Tash now asserts nine arguments for why the trial court erred prejudicially, but she does not provide us with citations to evidence in the record on appeal.  She bases her arguments on allegations in the complaint rather than on the evidence produced in

1

connection with the summary judgment motion. We conclude Tash forfeited consideration of all issues raised on appeal because her briefing fails to support her arguments with citations to evidence in the record on appeal and thereby fails to establish that material issues of fact remain to be tried or that she is entitled to judgment as a matter of law on the undisputed facts. We will therefore affirm the judgment.

DISCUSSION

Permanente answered Tash's complaint and filed a motion for summary judgment. The trial court issued a 14-page tentative ruling granting the motion, held a hearing on the motion, and confirmed the tentative ruling with some additional comments. After the trial court granted the summary judgment motion, Tash filed a motion for new trial. The trial court held a hearing on the new trial motion and denied it with a 12-page minute order. The trial court entered judgment in favor of Permanente.

Tash filed an appellant's appendix as the record on appeal, consisting of 1,653 pages, with an 88-page reporter's transcript. But her appellant's opening brief contains few citations to the record on appeal. The citations she provides relate only to her complaint and to what happened in connection with the motions and hearings. Nowhere in the opening brief does Tash cite to the record on appeal to support the facts she asserts as true in her opening brief. She does not cite to the evidence presented in the summary judgment motion. Instead, she summarizes the allegations in her complaint with citation only to the complaint. But citation to her complaint is not a sufficient basis for us to reverse the judgment because successful opposition to a summary judgment motion requires evidence, not just allegations, showing that there are disputed issues of material fact for which a trial is necessary or that Tash is entitled to judgment as a matter of law on the undisputed facts. (Code Civ. Proc., § 437c; *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843.) Tash fails to cite to any such evidence in the record on appeal. Regardless of the strength of Tash's legal arguments, they cannot succeed

2

on appeal if they are unattached to facts. (*Mallett v. Superior Court* (1992) 6 Cal.App.4th 1853, 1862 (*Mallett*).)

When a party appeals, we must presume the judgment is correct. We also presume the record and the law support the judgment. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Furthermore, the California constitution prohibits reversal of the judgment unless prejudicial error is shown. (Cal. Const., art. VI, § 13.) Therefore, the appellant bears the burden of showing by citation to the record on appeal and to the relevant law that prejudicial error requires reversal. (*Cucinella v. Weston Biscuit Co.* (1954) 42 Cal.2d 71, 82.) For this reason, the appellant must present briefing that includes citations to the record on appeal to support the appellant's assertions of prejudicial error.

In the opening brief, an appellant must provide citations to the record for purposes of directing the court to the pertinent evidence or other matters that demonstrate reversible error. (Cal. Rules of Court, rule 8.204(a)(1)(C); *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239.) Here, Tash's briefing fails to establish error in the trial court's judgment and results in forfeiture of appellate consideration of the issues presented. (*Lonely Maiden Productions, LLC v. GoldenTree Asset Management, LP* (2011) 201 Cal.App.4th 368, 384.) Without citations to the record concerning the facts of Tash's case, we are left only with allegations. But allegations are not sufficient to overcome a summary judgment motion. (*Mallett, supra,* 6 Cal.App.4th at p. 1862.) We do not act as counsel for an appellant by searching the record for evidentiary support of factual allegations. (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.)

Tash makes numerous arguments about why we should reverse the judgment, but she fails to establish that the arguments are relevant to underlying facts because she does not establish the underlying facts. For example, she argues that in other cases "appellants presented sufficient evidence of a supervisor's harassment and animus to justify reversal of summary judgment on the bases [of] harassment, discrimination, and constructive wrongful termination in violation of public policy." For this argument, Tash provides

citations to two cases, but she provides no citation to the record in this case to establish that the facts of this case and of the cited cases are sufficiently similar to justify application of the law discussed in those cases.

In its respondent's brief, Permanente notes the deficiencies in Tash's opening brief and asserts that this manner of briefing forfeits consideration of the issues on appeal. Permanente supports this assertion with authority, some of which we discussed above, and argues that we should affirm on this ground alone. Tash did not file a reply brief and made no other effort to remedy the deficiencies in her briefing.

Because Tash provides no record support for her factual assertions, she has failed to show that disputed material issues remain to be tried or that she is entitled to judgment as a matter of law on the undisputed facts. Consequently, we must presume the judgment is correct.

DISPOSITION

The judgment is affirmed. Respondents are awarded their costs on appeal. (Cal. Rules of Court, rule 8.278(a).)


                                        /S/
                                   MAURO, J.



We concur:



      /S/
RAYE, P. J.



      /S/
DUARTE, J.


4