Filed 12/5/22  Guttridge v. Aurora Capital CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| MICHAEL J. GUTTRIDGE,<br><br>           Plaintiff, Cross-defendant and Respondent,<br><br>     v.<br><br>AURORA CAPITAL, LLC, et al.,<br><br>           Defendants, Cross-complainants and Appellants;<br><br>RYAN VOORHEES,<br><br>           Cross-defendant and Respondent. | C086358<br><br>(Super. Ct. Nos. 34-2012-00129930-CU-MC-GDS & 34201300156423) |

In their appeal from the judgment entered in consolidated cases, appellants Aurora Capital, LLC, and Chun Mei Dodge request that we vacate the judgment pursuant to

1

Code of Civil Procedure section 128, subdivision (a)(8).[1] They assert this relief is appropriate following the parties' execution of a postjudgment stipulation for settlement. However, as respondents Michael J. Guttridge and Ryan Voorhees emphasize, that stipulation for settlement, the very basis on which appellants seek to vacate the judgment, is not part of the record on appeal, and Guttridge and Voorhees do not agree the judgment should be vacated.[2] Moreover, appellants have failed to make any showing of entitlement to the relief they seek. Their factual assertions are unsupported by citation to the record or by facts in the record. The extent of their citation to legal authority in their opening brief is a single citation to section 128, subdivision (a)(8). In short, they assert their entitlement to relief rather than establishing it. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

We need not set forth the underlying background of this matter to resolve this appeal. Nor could we, for that matter, given the sparse record appellants have provided in their appendix. That appendix consists solely of an amended judgment filed on June 25, 2018, and the notice of appeal. For purposes of resolving this appeal, it is sufficient to state that this matter consists of two cases consolidated in the trial court. Very generally, one case involved the dissolution of Aurora Capital LLC and the validity of a land purchase agreement between Aurora Capital LLC and Voorhees. The other case involved Dodge's claims asserted against Guttridge individually and as manager of Aurora Capital LLC seeking damages and other relief. In the amended judgment, the trial court, among other things, ordered Aurora Capital LLC dissolved with its funds, after satisfaction of certain obligations, distributed to Guttridge, and ordered that Dodge

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

[2] Appellants insist Voorhees is not a proper respondent on this appeal. Whether Voorhees is or is not a proper respondent, and the arguments Voorhees made before this court, do not affect our determinations.

2

shall recover nothing on her claims and cross-claims against Guttridge and Aurora Capital LLC.**3**

## DISCUSSION

Appellants do not seek reversal or modification of the amended judgment. Rather, they assert the "parties have reached a complete agreement upon all the issues that would have been tried, neither party has a need for the trial that would come from Appellant[s] prevailing in the appeal," and they "have no wish to litigate further . . . ." According to appellants, "[a]ll that remains is for this Court to vacate the Judgment entered on September 14, 2017." According to appellants, the only action they seek is that the judgment be vacated "per the stipulated settlement agreement. Once that occurs Appellant[s] will request a dismissal of the appeal with prejudice."

## I

### *The Stipulation for Settlement*

The rules of appellate procedure "require an appellate brief to support each point by argument and, if possible, by citation to authority and to provide a citation to the record for a factual assertion." (*County of Sacramento v. Rawat* (2021) 65 Cal.App.5th

---

**3** During oral argument, counsel stated that the litigation has been going on a long time and this appeal has been pending for five years. In response, we provide the following history of the appeal process for this case. Appellants filed their notice of appeal in January 2018. In September 2019, efforts at mediation were terminated as unsuccessful, resuming the schedule for designating the record on appeal and briefing. Appellants designated the record on appeal in October 2019. The reporter's transcript was not filed until April 2021. Between May 2021 and February 2022, we granted five requests by appellants for extensions of time to file their appendix and opening brief. In March 2022, we returned appellants' opening brief for nonconformance with the California Rules of Court. After appellants filed their conforming opening brief and appendix, we granted respondents two extensions of time to file their respondent's briefs. We returned Voorhees's initial respondent's brief for nonconformance and subsequently returned appellants' initial reply brief for nonconformance. The matter was fully briefed and assigned to this panel in August 2022. We conducted oral argument on November 18, 2022, after which the case was deemed submitted.

858, 861 (*County of Sacramento*), citing Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).) " '[W]e may disregard factual contentions that are not supported by citations to the record [citation] or are based on information that is outside the record [citation]. We may disregard legal arguments that are not supported by citations to legal authority [citation] or are conclusory [citation].' [Citations.] Further, we may treat a point that is not supported by cogent legal argument as forfeited." (*County of Sacramento*, at p. 861.)

Appellants elected to use an appendix to prosecute their appeal. (Cal. Rules of Court, rule 8.124.) Their appendix consists only of the amended judgment and the notice of appeal. Appellants' opening brief contains three citations to the appellate record, two to the amended judgment and one to the notice of appeal. They refer to the stipulation for settlement on three occasions in their opening brief. However, this stipulation for settlement upon which appellants rely in asking us to vacate the judgment—the very basis for their request—is not included in the appendix. " '[W]e may disregard factual contentions that are not supported by citations to the record [citation] or are based on information that is outside the record.' " (*County of Sacramento, supra*, 65 Cal.App.5th at p. 861.) Thus, we could disregard appellants' contention that we should vacate the judgment based on the stipulation for settlement, as that contention is both not supported by citation to the record and is based on information outside the record. (*Ibid*.)

Respondents both oppose vacating the judgment and note there is no stipulation or agreement to vacate the judgment. After the respondents each pointed out that the stipulation for settlement is not part of the record on appeal, appellants assert in their reply brief that respondents' "assertion that [the] Stipulation is not before this Court is nonsense." In their reply brief, appellants reveal that the stipulation for settlement was an attachment to an application for an extension of time to file their opening brief. There is a stipulation for settlement attached to appellants' application for an extension of time, filed November 17, 2021. However, appellants chose not to include that stipulation for

4

settlement in their appendix, which they filed five months later, on April 15, 2022.[4] Therefore, it is not part of the record on appeal. The fact that it was an attachment to an application for an extension of time to file a brief does not render the stipulation part of the record on appeal. Appellants could have sought to augment the record to include the stipulation. (See Cal. Rules of Court, rule 8.155.) They did not. Nor have they requested that we take judicial notice of the stipulation for settlement.[5] (See Evid. Code, §§ 450, 451, 452, 459.)

Because the very basis for appellants' request that we vacate the judgment—the stipulation for settlement—is not part of the record on appeal, we could dispose of the appeal on this ground alone. Their foundational contention, that the stipulation for settlement justifies vacating the judgment, is without any support in the record on appeal.[6] However, we shall briefly address appellants' contentions pursuant to section 128.

---

[4]     In their notice designating the record on appeal (Cal. Rules of Court, rule 8.121), appellants designated an appendix under California Rules of Court, rule 8.124 as their record on appeal. Appellants also designated a reporter's transcript under California Rules of Court, rule 8.130. No party cites or refers to the reporter's transcript.

[5]     At oral argument before this court, appellants orally requested leave to augment the record. We deny appellants' belated request.

[6]     We note appellants state that an "integral part" of the stipulation "and a major condition was the dismissal of this appeal by Dodge . . . ." Of course, seeking to voluntarily dismiss an appeal (Cal. Rules of Court, rule 8.244(c)) and seeking vacatur of an underlying judgment are not one and the same and do not have the same effect. It appears the complete relief appellants desire is vacatur of the judgment, to which they have not established their entitlement, followed by their voluntary dismissal of the appeal, which would not be possible after we had decided the appeal.

5

## II

### *Code of Civil Procedure Section 128, Subdivision (a)(8)*

Appellants' opening brief contains but one citation to authority, specifically section 128, subdivision (a)(8). That subdivision provides that every court has the power to "amend and control its process and orders so as to make them conform to law and justice. An appellate court shall not reverse or vacate a duly entered judgment upon an agreement or stipulation of the parties unless the court finds both of the following: [¶] (A) There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal. [¶] (B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement." (§ 128, subd. (a)(8).)

Appellants assert the "reasons for the reversal are sound and significant and outweigh any potential [e]ffect on the public trust as there is no aspect of public reliance on this Judgment remaining." However, appellants do no more than merely advance this assertion. They offer neither analysis nor proof that there is "is no reasonable possibility that the interests of nonparties or the public will be adversely affected by" vacating the judgment, or that the reasons they seek vacatur "outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement." (§ 128, subd. (a)(8); see *Hardisty v. Hinton & Alfert* (2004) 124 Cal.App.4th 999, 1007 ["parties must now submit memoranda of points and authorities and declarations and other documentary evidence persuasively demonstrating that reversal of the judgment in question will not adversely affect nonparties or the public, erode public trust, or reduce the incentive for pretrial settlement, and the courts must now fully consider and weigh these factors on a case-by-case basis"].)

6

Appellants assert it is "immaterial" that Voorhees could be negatively affected by vacating the judgment. They assert Voorhees "did not act in reliance on this Judgment as his relevant actions preceded the trial and were not dependent upon the trial outcome." They then go on to refer to Voorhees's purchase of property and cite a related Sacramento County Superior Court case involving the parties. In the following paragraph, appellants recite additional factual and procedural background. However, throughout, appellants cite to nothing in the record. Again, " '[w]e may disregard factual contentions that are not supported by citations to the record [citation] or are based on information that is outside the record.' " (*County of Sacramento, supra*, 65 Cal.App.5th at p. 861.)

According to appellants, the proposed vacatur of the judgment "is not a stipulated reversal but rather the Court respecting an agreement whereby Guttridge will not oppose or contest the set aside Appellant is requesting. Overturning the trial result is the proper outcome. It is the avoidance of a new trial, which would occur when Appellant succeeds on appeal, but only after further delay for the aging parties (late seventies and mid eighties) a situation for which the parties have bargained. The stipulation into which Guttridge and Dodge entered in October 2021 also resolves their differences in the two other cases, stayed while this appeal is being reviewed. Appellants' requested result, an immediate ruling vacating the Judgment, rather than a future ruling and a long off trial, will facilitate the removal of the stays so those other matters can proceed to a timely Superior Court trial." Once again, appellants neither cite the record nor cite to applicable legal authority.

Thus, in advancing their arguments, appellants cite to nothing in the record to support their factual claims, refer to facts not in the record, rely on the stipulation that does not appear in the record on appeal, and simply assert their entitlement to relief in conclusory fashion without any support in the record or citation to legal authority beyond citing section 128, subdivision (a)(8) once. Appellants have failed to establish any

7

factual or legal basis entitling them to have the judgment vacated pursuant to section 128, subdivision (a)(8). Additionally, while not determinative here, it is clear Guttridge does indeed "oppose or contest the set aside [of the judgment] Appellant is requesting."

" 'A judgment or order of the lower court is *presumed correct.*' " (*Denham v. Superior Court of Los Angeles* (1970) 2 Cal.3d 557, 564.) "It is the appellant's burden to demonstrate the existence of reversible error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 766.) Because appellants have neither established their entitlement to vacatur of the judgment nor established reversible error, we shall affirm.

## DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

/s/
HOCH, J.

We concur:

/s/
DUARTE, Acting P. J.

/s/
RENNER, J.

8