Filed 6/17/26  Torres v. Petro Source Investments CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER TORRES et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> PETRO SOURCE INVESTMENTS, INC. et al., <br><br> Defendants and Respondents. | D085444 <br><br><br> (Super. Ct. No. CIVDS1906092) |

APPEAL from a judgment of the Superior Court of San Bernardino County, David E. Driscoll, Judge.  Affirmed.

Metzger Law Group, Raphael Metzger, Scott P. Brust and Brian P. Barrow for Plaintiffs and Appellants.

Jones Day and Edward Patrick Swan, Jr.; Trials Law Group and Stefanie Warren; Complex Appellate Litigation Group, Johanna Schiavoni and Melanie Gold for Defendant and Respondent Petro Source Investments, Inc.

Edlin Gallagher Huie + Blum and Jeremy D. Huie; Harris Beach Murtha Cullina, Daniel R. Strecker and Brian D. Ginsberg for Defendant and Respondent Safety-Kleen Systems, Inc.

Everett Dorey, Seymour B. Everett III, Matthew P. Dickson and Michael Sweeney for Defendant and Respondent Oatey Co.

In 1998, counsel for Appellants Christopher Torres and his wife, Melissa Torres, deposed then-current or former employees of Safety-Kleen Corporation (SK Corp.) in connection with a lawsuit—*Talley v. Safety-Kleen Corporation* (Super. Ct. Orange County, 1999, No. 784605)—that alleged the entity's solvent had caused a plaintiff's blood cancer.  More than 20 years later, Appellants filed suit against, among other entities, Respondents Petro Source Investments, Inc.; Safety-Kleen Systems, Inc. (SK Systems); Oatey Co.; and B'Laster, LLC, alleging that in the course of his employment Christopher was exposed to harmful chemical products and solvents supplied or manufactured by Respondents, which caused his kidney cancer.  The trial court granted motions in limine filed by SK Systems and Petro seeking to exclude 23 of the *Talley* depositions in Appellants' action.  Under either abuse of discretion or de novo review, we conclude the trial court properly excluded the depositions.

Appellants have forfeited their claims (1) the motions in limine and the subsequent ruling were defectively overbroad and (2) the testimony is admissible as nonhearsay.  They have also forfeited their claim as to Petro, Oatey, and B'Laster that the testimony was admissible under Evidence Code section 1291(a)(2).

We conclude the testimony was not admissible as to SK Systems under section 1291(a)(2) because SK Corp. lacked a similar "interest and motive" to cross-examine the *Talley* deponents as SK Systems has at trial in the instant matter.  (§ 1291(a)(2).)  Appellants fail to establish there was agreement that the depositions would serve as trial testimony, and the "practical

2

considerations" articulated in *Berroteran v. Superior Court* (2022) 12 Cal.5th 867, 901, do not weigh in favor of the testimony's admissibility.

We further determine that testimony found inadmissible under section 1291(a)(2) cannot be admitted under another hearsay exception. Accordingly, the testimony is not admissible as a party or authorized admission, as Appellants argue.

Finally, we conclude Code of Civil Procedure section 2025.620 does not permit the prior deposition testimony's admission, as the only subsection applicable to former deposition testimony does not apply here because the parties are not the same as in the prior action.

Accordingly, we affirm the court's judgment in Respondents' favor following the grant of SK Systems' and Petro's motions in limine.

## I.

## A.

In May 2024, SK Systems moved in limine "to exclude certain prior deposition testimony." (Capitalization omitted.) Specifically, SK Systems sought to exclude 23 depositions taken by Appellants' counsel in the 1998 *Talley* action, and the portions of those depositions admitted at the 2012 trial in *Gillan v. Safety-Kleen Systems, Inc.* (Super. Ct. L.A. County, 2012, No. BC358325).

SK Corp. was a party in *Talley*, and it appeared or was represented at the depositions. It cross-examined a handful of the 23 deponents, and ten of the 23 deponents were SK Corp. employees at the time of the depositions. But in June 2000, SK Corp. filed for bankruptcy. SK Corp. ceased to exist, and SK Systems emerged from the Chapter 11 bankruptcy in 2003 as a debtor-in-possession.

The *Gillan* plaintiffs were also represented by Appellants' counsel. Over SK Systems' objection, the *Gillan* plaintiffs introduced portions of ten of the 23 *Talley* depositions at the 2012 trial, which ended in a mistrial.

Petro joined SK Systems' motion and filed its own motion in limine to exclude the same deposition testimony, as well as deposition testimony from other cases in which it had no notice of the depositions. B'Laster joined both motions. Oatey did not join.

B.

Appellants opposed SK Systems' and Petro's motions. Their opposition was supported by a declaration from their counsel, Raphael Metzger, who took the *Talley* depositions. He declared his firm had multiple suits pending against SK Corp. at the time the out-of-state depositions were taken and that he videotaped them to use as affirmative evidence in those other cases.

Metzger indicated he intended to offer unidentified excerpts from 21 of the 23 *Talley* depositions, mostly of former officers or managing agents of SK Corp. He sought to introduce the testimony to prove liability, authenticate documents, and show knowledge of hazards. Without the excerpts, Metzger declared he "will not be able to prove [his] clients' case."

Metzger indicated the *Talley* depositions were taken "at a time of great turmoil for" SK Corp. At the time, SK Corp. and some of its officers were subjects in federal investigations, and several officers had left the company. Many of these deponents were beyond the subpoena power of California courts, so Metzger attested that he "made it clear to all concerned that the depositions would be used as trial testimony." At the time, Metzger also feared SK Corp. may file for bankruptcy, as it eventually did. Counsel for SK Corp. cross-examined eight of the deponents during their depositions.

4

Metzger contended the *Talley* transcripts were admissible under Evidence Code sections 1220 and 1222 as admissions by a party opponent or authorized admissions. He attached the entire transcripts as exhibits to his declaration "so they are 'in the record.'"

C.

At an apparently unreported hearing—the record on appeal contains no reporter's transcript—the court heard argument on the motions in limine.

At a subsequent hearing, the trial court granted SK Systems' and Petro's motions in limine. The court's 12-page written ruling granting the motions in limine found the former deposition testimony inadmissible as to SK Systems on multiple grounds.

First, the court found the testimony was not admissible as admissions of a party opponent or authorized admissions under Evidence Code sections 1220 and 1222. As an initial matter, only the depositions of those employed by SK Corp. at the time of the depositions could potentially fall within this exception, and Appellants failed to provide adequate evidence they were authorized to make statements on SK Corp.'s behalf. And, due to the intervening bankruptcy, SK Systems was a distinct entity from SK Corp. such that the statements of SK Corp.'s employees could not be imputed to it. Finally, because the testimony in question is discovery deposition testimony, section 1291(a)(2) "expressly and directly controlled," even over "any so-called admissions contained" in the depositions.

Second, the court found the former deposition testimony not admissible under Code of Civil Procedure section 2025.620(b). The court concluded the subdivision "only applies to depositions taken between the parties *in the same action*," as "[t]o do otherwise would essentially negate Evidence Code

5

[section ]1291." The court concluded section 2025.620 was further inapplicable because SK Systems "was not a party to the *Talley* action."

Third, the court found the former deposition testimony was not admissible under the prior testimony hearsay exception of Evidence Code section 1291(a)(2) as interpreted by *Berroteran*. Because Appellants presented no evidence of any agreement between the parties that the deposition testimony was to be used at trial, the court analyzed *Berroteran*'s "'key practical considerations'" to determine whether the evidence was admissible. The court concluded Appellants did "not meet their burden of overcoming the general rule precluding admission of such discovery deposition testimony" because "[t]he weight of these practical considerations do not demonstrate [SK Corp.] had motive and an interest to thoroughly cross-examine these deponents back in 1998-1999."

As to Petro, the court found the prior deposition testimony inadmissible because (1) Petro was not a party in *Talley*, (2) the deponents were not Petro employees, (3) Petro had no opportunity to examine the deponents or even notice of their depositions, and (4) Petro did not agree to use the depositions for trial either in *Talley* or any other subsequent proceeding.

D.

Immediately after granting these motions in limine, the court advanced the trial and granted Respondents' motions for judgment in their favor and nonsuit "on the grounds that [Appellants] lack admissible evidence to make out a *prima facie* case on each of [Appellants]' causes of action."

II.

A.

As an initial matter, the parties dispute the applicable standard of review. Respondents argue the court's decision granting the motions in

6

limine is reviewed for abuse of discretion. (See, e.g., *Ceja v. Department of Transportation* (2011) 201 Cal.App.4th 1475, 1481.) Appellants acknowledge this is generally the case but argue "when a trial court grants a motion in limine excluding evidence that a plaintiff needs to establish a defendant's liability and thereupon issues judgment for the defendant, the trial court's decision is akin to a nonsuit" such that de novo review is appropriate. (See, e.g., *Garner v. BNSF Railway Co.* (2024) 98 Cal.App.5th 660, 673-674.)

We need not resolve this disagreement because, under either standard, we conclude Appellants have failed to carry their burden on appeal to affirmatively show reversible error. (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 766.)

B.

Appellants argue, for the first time on appeal, that the motions in limine were improper because neither SK Systems nor Petro "identified any particular designated testimony, but instead sought to exclude all of it on hearsay grounds without any consideration of whether specific testimony might be admissible as either nonhearsay or under an exception to the hearsay rule." The resulting "lack of a detailed and context-based evidentiary analysis is itself reversible error that requires remand."

We agree with Respondents that Appellants forfeited this argument by failing to raise it in the trial court. If Appellants believed more particularized motions by Respondents or a more fulsome analysis by the court were required, they should have raised these issues below, where they could have been remedied. By waiting until appeal to raise this argument, Appellants deprived Respondents and the trial court of the opportunity to cure this alleged defect in their motions and the subsequent ruling, thereby forfeiting the issue. (*People v. Partida* (2005) 37 Cal.4th 428, 436.)

7

## C.

Appellants claim the court erred in failing to consider whether the prior deposition testimony was admissible as nonhearsay "to show what [SK Corp. and SK Systems] knew about the hazards of [their] products and when" rather than for the truth of the matter asserted. Appellants have forfeited this claim.

First, Appellants do not assert any nonhearsay purpose as to Oatey, Petro, or B'Laster. Second, as SK Systems notes, "Appellants in their opening brief to this Court cite nothing from the record that supports their contention that any of the *Talley* deposition testimony constitutes putative non-hearsay, notice or 'state-of-the-art' evidence." Indeed, Appellants' opening brief fails to identify *any* specific deposition testimony that qualifies as admissible nonhearsay. "Appellate records can, of course, be massive; simply asserting 'it is somewhere in there' is no good." (*Cardenas v. Los Angeles Unified School District* (2026) 120 Cal.App.5th 554, 556.) Accordingly, Appellants have forfeited their nonhearsay argument on appeal. (*Cristler v. Express Messenger Systems, Inc.* (2009) 171 Cal.App.4th 72, 89-90.)

## D.

Appellants contend the court erred in finding the prior deposition testimony inadmissible under Evidence Code section 1291. We conclude (1) Appellants forfeited this argument as to Petro, Oatey, and B'Laster; and (2) the *Talley* deposition testimony is inadmissible under this provision as to SK Systems because SK Corp. did not have a similar "interest and motive" to cross-examine the deponents in 1998 as SK Systems does now. (§ 1291(a)(2).)

Petro claims Appellants forfeited this claim as to it because Appellants "do not identify Petro Source in this section or assert any argument that the

8

court erred in granting Petro Source's motion in limine on this ground." Nor do Appellants identify and make arguments concerning Oatey and B'Laster on this point. Appellants do not reference any of these parties with regard to section 1291 in reply. Accordingly, we conclude Appellants have forfeited the issue of whether the court erred in finding section 1291 inapplicable to Petro, Oatey, and B'Laster.

Under section 1291(a)(2), "[e]vidence of former testimony is not made inadmissible by the hearsay rule if the declarant is unavailable as a witness and . . . [t]he party against whom the former testimony is offered was a party to the action or proceeding in which the testimony was given and had the right and opportunity to cross-examine the declarant with an interest and motive similar to that which he has at the hearing."

The parties all appear to accept the deponents are unavailable in this matter. We determine, however, that SK Systems—regardless of whether it is considered the same party as SK Corp.—did not have the "opportunity to cross-examine the declarant with an interest and motive similar to that which [it] has at the hearing." (§ 1291(a)(2).)

In *Berroteran*, our high court provided a comprehensive analysis of section 1291(a)(2). *Berroteran* explained the section "articulates what is, in effect, a general rule against admission at trial . . . of prior testimony from a typical discovery deposition." (*Berroteran*, 12 Cal.5th at p. 894.) But it is not a blanket rule, and "[t]he party urging admission of deposition testimony bears the burden of rebutting the general rule by submitting appropriate information justifying the admission of designated deposition testimony." (*Id.* at p. 895.)

*Berroteran* then provided a framework for courts conducting the "factually intensive inquiry" required by a motion to exclude under the

9

provision. (*Berroteran*, 12 Cal.5th at p. 900.) A court initially must determine whether there was an express agreement or other evidence that the parties intended at the outset that the deposition testimony would serve as trial testimony or whether the parties subsequently reached an agreement to use the deposition testimony at trial in the same case or others. (*Id.* at pp. 900-901.) If "it is not evident that the parties understood that a deposition was intended for purposes other than discovery," "the party proposing to introduce the testimony [must] carr[y] its burden of demonstrating that the opposing party had the required interest and motive." (*Ibid.*) The party and the court should consider "various practical considerations" (*ibid.*), including: (1) "[t]he timing of the deposition within the context of the litigation, and special circumstances creating an incentive for cross examination"; (2) "[t]he relationship of the deponent and the opposing party"; (3) "[t]he anticipated availability of the deponent at trial in the proceeding in which the deposition was taken, and the statutory context"; (4) "[c]onduct at, and surrounding, the deposition"; (5) "[t]he particular designated testimony"; and (6) "'[s]imilarity of position.'" (*Id.* at pp. 902-904, italics omitted.)

Here, Appellants have not shown any agreement, either at the outset of *Talley* or subsequently, that the deposition testimony would serve as trial testimony. Appellants claim they "submitted undisputed evidence showing that all parties intended and understood that the Safety-Kleen witnesses' videotaped depositions would be used at future trials." But SK Systems points to record evidence to the contrary, namely Appellants' counsel's concession during a 2022 hearing in Los Angeles in *Safety-Kleen Solvent Cases* (Super. Ct. L.A. County, No. JCCP4601) that there was no stipulation between the parties that the depositions could be used in future litigation.

10

We further conclude the *Berroteran* considerations, on balance, do not support a determination that SK Corp. had a similar motive and interest to cross-examine the *Talley* deponents as SK Systems has as to the trial in this matter.

The first consideration does not support finding the depositions admissible. Appellants claim SK Corp., "having already been sued by numerous plaintiffs, was educated as to the grounds for their causes of action, as well as the facts surrounding the government's criminal investigation [of SK Corp.] and its own imminent bankruptcy." But Appellants point to no record evidence that the parties had "been educated by discovery conducted in earlier, similar lawsuits"; that the depositions occurred late in the discovery process; or that SK Corp. was incentivized to conduct aggressive cross-examination in advance of a mediation or settlement conference. (*Berroteran*, 12 Cal.5th at p. 902.) Further, as SK Systems points out, SK Corp. did not file for bankruptcy for another two years, and Appellants point to no record evidence that anyone was aware of the potential for bankruptcy at the time of the depositions. And the U.S. Securities and Exchange Commission press release on which Appellants rely regarding the investigations into SK Corp. indicates "the fraudulent scheme was discovered in late February 2000"—more than a year after the depositions at issue here had concluded. Appellants thus fail to substantiate their claim that alleged "turmoil" at the time made the depositions anything other than ordinary discovery depositions.

The second consideration also weighs against admissibility. "A party rarely has an interest and motive to cross-examine deponents with whom the party has a close or aligned relationship, such as officers and employees of a corporation." (*Berroteran*, 12 Cal.5th at p. 902.) Ten of the deponents were

11

SK Corp. employees at the time of their depositions, and 13 were former employees. Although "the likelihood of a substantial interest in cross-examination may increase as the strength of the relationship between the deponent and the opposing party diminishes or if it is antagonistic, as is sometimes the case concerning former employees of a corporation" (*ibid.*), Appellants point to no record evidence that such was the case here. Accordingly, this consideration supports finding the depositions inadmissible.

The third consideration weighs slightly in favor of admissibility. The deponents were located in Illinois, while the *Talley* litigation was pending in California. As a result, many of the witnesses may have been "not amenable to subpoena." (*Berroteran*, 12 Cal.5th at p. 902.) Although SK Systems argues the deponents "could have appeared voluntarily," no record evidence supports this assertion. Then again, no record evidence supports their unwillingness to appear voluntarily, either.

The fourth consideration is neutral. The depositions, all of out-of-state witnesses, were videorecorded. Counsel for defendants, including SK Corp., occasionally mentioned stating things "for the jury" during the depositions. During one deposition, SK Corp.'s attorney wanted to have a conference "outside the presence of the jury." Appellants' counsel also mentioned more than once during the depositions the possibility the jury may see the videotape and specifically told multiple witnesses the depositions were being recorded so they would not have to testify at trial in California. On the other hand, SK Corp. did not cross-examine the majority of the 23 deponents, and the cross-examination SK Corp. did undertake was limited in scope, suggesting it anticipated having a subsequent opportunity to cross-examine the witnesses. While Appellants point to the cross-examination of two witnesses in particular as supporting admission, we are unconvinced the

scope of the cross-examination as a whole indicates SK Corp. intended to use the depositions as a substitute for trial testimony.

The fifth consideration also weighs against admission, as Appellants have not identified any particular designated testimony as to which SK Corp. had an interest and motive for cross-examination.

The sixth and final consideration appears neutral. SK Corp. and SK Systems were both sued by persons who claimed to have been injured by exposure to their solvent, making the *Talley* and present suits at least facially parallel. Yet the cases concern different illnesses, and this case involves additional compounds beyond benzene, the only substance at issue in *Talley*.

On balance, even viewing the facts in the light most favorable to Appellants, we cannot conclude these practical considerations weigh in favor of admissibility or that the trial court abused its discretion in reaching the same result.

E.

Appellants also argue the evidence is admissible as party or authorized admissions. Appellants take issue with the trial court's finding that sections 1220 and 1222 are inapplicable to former deposition testimony ruled inadmissible under section 1291. We, however, agree that testimony inadmissible under section 1291 cannot be made admissible by other hearsay exceptions such as sections 1220 and 1222.

Appellants argue "[s]ection 1291 itself does not state that if former testimony is inadmissible under that section, it is precluded from admission under any other exception to the hearsay rule." While true, any other interpretation would undermine *Berroteran*'s "general rule against admission at trial . . . of prior testimony from a typical discovery deposition."

13

(*Berroteran*, 12 Cal.5th at p. 894.) It would also drastically alter the landscape of discovery depositions, turning a fact-finding device into a potential weapon in perpetuity usable in litigation not even anticipated at the time of the deposition. Allowing such an end-run around section 1291 would essentially force extensive cross-examination to undermine any admissions made. As *Berroteran* notes, most leading treatises presently caution against cross-examination at depositions. (*Berroteran*, at p. 893.) Accepting Appellants' position would turn deposition practice on its head. Such a position is unsupportable. Accordingly, because the *Talley* deposition testimony is inadmissible under section 1291, it cannot be admissible against Respondents as party or authorized admissions instead.

F.

Finally, Appellants claim the evidence is admissible under Code of Civil Procedure section 2025.620. We disagree.

The provision relevantly provides:

> At the trial or any other hearing in the action, any part or all of a deposition may be used against any party who was present or represented at the taking of the deposition, or who had due notice of the deposition and did not serve a valid objection under Section 2025.410, so far as admissible under the rules of evidence applied as though the deponent were then present and testifying as a witness, in accordance with the following provisions:
>
> [¶] . . . [¶]
>
> (b) An adverse party may use for any purpose, a deposition of a party to the action, or of anyone who at the time of taking the deposition was an officer, director, managing agent, employee, agent, or designee under Section 2025.230 of a party.
>
> [¶] . . . [¶]

14

(g) When an action has been brought in any court of the United States or of any state, and another action involving the same subject matter is subsequently brought between the same parties or their representatives or successors in interest, all depositions lawfully taken and duly filed in the initial action may be used in the subsequent action as if originally taken in that subsequent action. A deposition previously taken may also be used as permitted by the Evidence Code.

Appellants reference only subdivision (b) in their opening brief, although they also point to subdivision (g) in reply. Neither, however, helps Appellants.

By its terms, subdivision (g) applies only to actions involving "the same parties or their representatives or successors in interest." Appellants are different plaintiffs than those in *Talley* or *Gillan*. Accordingly, Appellants failed to establish subdivision (g) applies here.

As to the remainder of section 2025.620, Appellants claim it "does not require the testimony to have been given in the same action as that in which it is to be used. Indeed, the statute does ***not*** say the following: 'At the trial or any other hearing in the action ***in which a deposition is taken***, any part or all of ***that*** deposition may be used against any party who was present or represented at the taking of the deposition.'" Even so, we conclude the provision must be interpreted as applying only to depositions taken in the same action. Any other interpretation would cause other provisions of the Evidence Code to be surplusage, and "'[a]n interpretation that renders statutory language a nullity is obviously to be avoided.'" (*Tuolumne Jobs & Small Business Alliance v. Superior Court* (2014) 59 Cal.4th 1029, 1039.)

If, for example, subdivision (b) applied to depositions taken in previous actions, there would be no need for subdivision (g), which would be subsumed

15

by the much broader subdivision (b).  And the last sentence of subdivision (g) references other provisions of the Evidence Code, such as section 1291(a)(2), which would also be rendered superfluous if subdivision (b) applied to deposition testimony from prior cases.  We must accordingly avoid Appellants' interpretation and instead conclude that subdivision (b) applies only to depositions taken in the same action.  Accordingly, the *Talley* deposition testimony is not admissible under section 2025.620.

*        *        *

Given our resolution of the issues above, we need not decide whether SK Systems and SK Corp. are the same party for admissibility purposes.

III.

We affirm.  Respondents are entitled to their costs on appeal.

CASTILLO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

DO, J.

16